# Commonwealth *v.* Markowitz, Appellant.

*Criminal law—Constitution of Pennsylvania—Article I, section
10—Twice in jeopardy—Application.*

The constitutional provision that no person shall be put twice
in jeopardy of life and limb for the same offense does not apply to
minor offenses.

Where the record of the trial on an indictment for fornication
and bastardy contains the endorsement "We agree that a juror may
be withdrawn." "Juror withdrawn," and there is no objection on
the part of the defendant noted on the record to show what oc-
curred, or what had been said that led to the withdrawal of a juror,
the appellate court will presume that no error has been committed,
and the conviction will be sustained.

Argued March 10, 1920. Appeal, No. 43, Oct. T., 1920, by defendant, from judgment of the Municipal Court of Philadelphia, May Sessions, 1919, No. 372, on a verdict of guilty in the case of Commonwealth of Pennsylvania v. Jacob Markowitz, alias Jack Miller. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Indictment for fornication and bastardy. Before MC-NICHOL, J.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was in refusing and dismissing defendant's motion of autrefois acquit.

*Michael A. Spatola,* for appellant.

*Franklin E. Barr,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY TREXLER, J., April 24, 1920:

Defendant was tried on a charge of fornication and bastardy on June 7, 1919, and on the same day after some testimony had been taken a juror was withdrawn. Subsequently on September 30, 1919, the defendant came into court and presented a plea of former jeopardy and prayed judgment in his favor, which plea was overruled. On December 9, 1919, defendant was tried on the same indictment and found guilty. On the second trial he asked that an additional plea of autrefois acquit in addition to the plea of not guilty be allowed which motion was refused. When we turn to the record of the first trial we find that Mr. Welsh, assistant district attorney stated "We agree that a juror may be withdrawn." "Juror withdrawn." This is absolutely all the notes of testimony contain as to the subject-matter of our inquiry. The appellant claims that

the constitutional provision, that no person shall for the same offense be twice put in jeopardy for life or limb (article 1, section 10) applies to the case before us, and that the defendant should be discharged. In McCreary et al. v. Commonwealth, 29 Pa. 323, this same provision which appeared in the Constitution of 1838 is discussed at some length and it is stated, "This provision of the Constitution is not to be applied except in cases where the life of the offender has once been placed in jeopardy." If we concede that in common justice, notwithstanding the Constitutional prohibition does not apply to minor offenses, no one should be twice called upon to stand trial on the same charge unless there be some reasonable basis for such action, we think the facts before us afford no ground for any relief for the defendant. Again recurring to the record as above set out, we observe that the district attorney who alone represented the Commonwealth stated, "We agree to the withdrawal of a juror." He asserts in his paper-book, that this was after the attorney for the defendant had been consulted, and that the pronoun "we" stands for both the lawyers in the case. The appellant's attorney is equally positive that he did not consent. We of course have no way of deciding what actually transpired. It is plain that no objection on the part of the defendant was made at the trial to the action of the court and there was no request made upon the trial judge to complete the record by having him put on it what occurred or what had been said that led to the withdrawal of a juror. In fairness to the court we should know the reasons why the case was so abruptly concluded. Good practice might require that some reason for the action of the court appear of record, but if both parties agreed no reason need appear. The agreement is reason enough to sustain what was done. In view of the doubt as to what actually happened and having regard to the fact that the defendant offered no objection to the course the court took, but apparently acquiesced in it, we think this is a case where the maxim,

"All things are presumed to have been rightly done," applies.

The judgment is affirmed and it is ordered that the defendant, appellant, appear in the court below at such time as he may be there called, and that he be by the court committed until he has complied with the sentence or any part of it that had not been performed at the time this appeal was made a supersedeas.