## Commonwealth *v.* Kwiatkowski, Appellants.

*Municipalities—Health ordinance—Failure to comply with—Privy —Abatement—Act of June 7, 1901, P. L. 493, as amended by the Act of May 14, 1909, P. L. 840.*

The Act of June 7, 1901, P. L. 493, as amended by the Act of May 14, 1909, P. L. 840, is a proper exercise of the police power of the Commonwealth and is constitutional.

Defendants were convicted and sentenced for failure to comply with notice from the Department of Health of the City of Pittsburgh requiring them, at the expiration of three months, to abate an illegal privy well and to substitute therefor a sanitary water flushing closet. The record established that adequate notice was served upon them, and that they did not comply with it, and for that omission were then prosecuted summarily and convicted. They paid the fine, but did not abate the nuisance. For so continuing the nuisance, and not abating it in accordance with the requirements of the Department of Public Health, they were prosecuted and summarily convicted.

*Held*: that the defendants, by paying after the first conviction, did not secure immunity from prosecution for continuing the nuisance again, until they received a three months' notice to abate it, and a verdict of guilty will be sustained.

Argued November 16, 1926. Appeals Nos. 27 and 28, April T., 1927, by defendants from judgment of County Court, Allegheny County, Complaint No. 628 of 1926, in the case of Commonwealth of Pennsylvania v. F. J. Kwiatkowski and Katherine Kwiatkowski. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Summary conviction for violation of sections 61 and 71 of the Act of May 14, 1909, P. L. 840. Before SNEE, J.

The facts are stated in the opinion of the Superior Court.

Defendants were adjudged guilty of the offense charged and sentenced. Defendants appealed.

*Errors assigned* were various rulings on evidence and the judgment of the court.

*Myer A. Shapira,* and with him *Charles A. O'Brien, Alexander Goss* and *James E. Beckman,* for appellants.

*William H. Randolph,* Assistant City Solicitor, and *Charles A. Waldschmidt,* City Solicitor, for appellee.

OPINION BY LINN, J., December 10, 1926:

Appellants were convicted and sentenced for failing to comply with a notice from the Department of Public Health of the City of Pittsburgh requiring them at the expiration of three months to abate an illegal privy well and other drainage on their premises at 2019 Penn Ave., and to substitute therefor a sanitary water-flushing closet, pursuant to sections 61 and 71 of the Act of May 14, 1909, P. L. 840, amending the Act of June 7, 1901, P. L. 493. They appeal from that conviction.

There is nothing in appellants' suggestion that the legislation is not a proper exercise of the police power: Beltz v. Pittsburgh, 26 Pa. Superior Ct. 66, 211 Pa. 561.

Their only other complaint is that they were entitled to three months' notice to abate before being subjected to the prosecution in which the conviction from which they now appeal, took place. The record shows that adequate notice was served on them on or about March 18, 1925, and that they did not comply with it,

and for that omission were then prosecuted and summarily convicted. They paid their fine but did not abate the nuisance; on the contrary they continued it. For so continuing, the nuisance, and not abating it in accordance with the requirement of the Department of Public Health dated March 18, 1925, they were prosecuted and summarily convicted in May, 1926, from which conviction these appeals come.

There is no merit in the contention that by paying the fine after the first conviction, they purchased immunity from prosecution for continuing the nuisance until they again received three months' notice to abate it.

The judgments are affirmed and the record remitted to the court below and it is ordered that the defendants severally appear in the court below at such time as they may be there called and that they be by that court committed until they shall have respectively complied with the sentence or any part of it which had not been performed when the appeals were made a supersedeas.