## Anti-Pollution Laws

JOHN SULLIVAN, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, April 6, 1960.— The Fish Commission has requested an interpretation of corresponding anti-pollution sections of the Fish Law of December 15, 1959, P. L. 1779, and the Act of June 22, 1937, P. L. 1987, as amended, 35 PS §691.1, et seq.

Your questions, and our answers thereto, follow:

1. Are the anti-pollution sections of these two statutes in conflict?

Section 200 of the Fish Law states in part:

"No person shall allow any substance of any kind or character deleterious, destructive or poisonous to fish to be turned into or allowed to run, flow, wash or be emptied into any waters within this Commonwealth unless it is shown to the satisfaction of the Commission or to the proper court that every reasonable and practicable means has been used to abate and prevent the pollution of waters in question by the escape of deleterious substances."

Section 202 provides for penalties from $100 to $1,000. Section 203 specifies that it need not be proved that the polluting substance actually caused the death of any particular fish. Pollution of water in a State fish hatchery is prohibited by section 204. Section 200 also regulates the use of poisons for catching or killing fish.

The Fish Commission is given responsibility for enforcement of these provisions.

The other major Commonwealth agency concerned directly with water pollution is the Department of Health, which acts as enforcement agent for the Sanitary Water Board, a departmental administrative board.

The powers of this board are specified in section 2110 of The Administrative Code of April 9, 1929,

P. L. 177, as amended, 71 PS §540. This section repeats the substantive anti-pollution provisions of the Act of April 22, 1905, P. L. 260, which is an act "for the protection of public health". The criteria established for permissible pollution are in all cases those which will protect public health, and the emphasis is upon water supply and sewage disposal. The board is given wide general powers: The Administrative Code relates to the Act of 1937, cited supra. The basic provision of this law is in section 3, to wit:

"The discharge of sewage or industrial waste or any noxious and deleterious substances into the waters of this Commonwealth, which is or may become inimical and injurious to the public health, or to animal or aquatic life, or to the uses of such waters for domestic or industrial consumption, or for recreation, is hereby declared not to be a reasonable or natural use of such waters, to be against public policy and to be a public nuisance": 35 PS §691.3.

It will be noted that here the law is broadened to cover not only public health but also pollution injurious to "animal or aquatic life", and this concept is carried throughout the several sections dealing with sewage, industrial wastes and other forms of pollution, including "petty" pollution, the latter being provided for in section 401 and being in all essential respects the same as the anti-pollution provisions of the Fish Law. A major difference, however, is that until 1959 the penalty under the Fish Law was a maximum of $100, now increased to $1,000, while under the Act of 1937, section 309, it ranges from $100 to $5,000 and one year in prison.

Summarizing, the Fish Law is restricted to pollution "deleterious, destructive or poisonous to fish" (section 200), while the Act of 1937 (section 3) covers pollution "which is or may become inimical . . . to the public health, or to animal or aquatic life, or to the

uses of such waters for domestic or industrial consumption, or for recreation." . . .

Since fish are aquatic life, both laws deal with fish, but the latter has additional and far more extensive coverage. A pollution affecting fish life is a violation under both laws, and therefore each agency, the Fish Commission and the Sanitary Water Board, may prosecute under the terms of the act it administers. Thus a single pollution may subject the offender to two penalties, one under the Fish Law, and the other under the Act of 1937. We do not construe this to involve double jeopardy. The prohibition against double jeopardy in the Fifth Amendment to the Constitution of the United States applies only to Federal offenses, United States v. Lanza, 260 U. S. 377, 67 L. Ed. 314, 43 S. Ct. 141, and hence the due process requirement of the Fourteenth Amendment is also met. The similar provision in article I, sec. 10, of the Constitution of Pennsylvania, does not apply to minor offenses: Commonwealth v. Markowitz, 74 Pa. Superior Ct. 231.

Thus it is legally possible to proceed under both laws, even though only one act is involved. In this situation both offenses should be charged and prosecuted together, as the penalties may not be pyramided: Commonwealth ex rel. Holinko v. Ashe, 290 Pa. 534. However, it is doubtful whether this is necessary or desirable, since any pollution so long as the addition of pollutants continues is in fact a series of offenses. Thus it was said in Commonwealth v. Kwiatkowski, 89 Pa. Superior Ct. 272, that conviction for a nuisance does not provide immunity from prosecution for continuing the nuisance. It would therefore appear logical, if it were desired to charge the offender under both acts, to select violations occurring at different times. There does not appear to be any direct authority indicating how narrow such time divisions may be, but it would be reasonable to say that each day, at least, would constitute a separate offense.

It is therefore our opinion, and you are accordingly advised, that there is no conflict with respect to pollution between the Fish Law and the Act of 1937, and each is required to be enforced by the cognizant State agency. Each, of course, should keep the other advised of violations discovered.

2. Should the Fish Commission make repeated or daily prosecutions where pollution is continuing?

For the reasons stated supra, it may make repeated or daily prosecution of continuing pollutions until the pollution is abated, although obviously such drastic remedy should be reserved for flagrant cases.

3. Do the anti-pollution passages of the Fish Law apply to municipalities?

They do not. They apply to any "person" who pollutes, and "person" is defined to include "individuals, copartnerships, associations and corporations". There is no mention of municipalities. The Act of 1937, on the other hand, applies not only to any "person" but also to any "municipality" discharging sewage or industrial waste, and "municipality" is defined to include "any county, county authority, municipal authority, city, borough, town, township, school district and institution". It is clear that the Act of 1937 applies to municipalities and the Fish Law does not.