# Commonwealth ex rel. Holinko *v.* Ashe, Warden.

*Criminal law—Several counts in same indictment—Sentences— Separate or concurrent punishment—Acts of March 30, 1860, P. L. 410, and May 18, 1917, P. L. 241.*

1. Where three counts in a bill of indictment charge, in effect, the same offense, as constituting different crimes, the sentence imposed should be limited to the punishment for the one most serious.

2. The court cannot add the penalties for two or more offenses, and include in one sentence a period in excess of the penalty for the most serious offense.

3. If the court desires to inflict separate punishments based on distinct counts, it is essential that not more than the maximum period of confinement for each crime be imposed, with the direction that one sentence take effect at the expiration of that preceding; otherwise the terms run concurrently.

4. Where an indictment contains three counts, the first charging obtaining money by false pretense, made punishable by the Act of March 31, 1860, P. L. 410, by imprisonment for three years, the second for fraudulent conversion of the same money, punishable under the Act of May 18, 1917, P. L. 241, by imprisonment for five years, and the third, for conspiring to cheat the prosecutor, punishable under the Act of March 31, 1860, P. L. 412, by imprisonment for two years, and the defendant pleads guilty, it is error for the court to impose a sentence of imprisonment in the penitentiary for a period of not more than eight, nor less than seven years.

Petition for writ of habeas corpus, No. 420, Miscellaneous Docket 1927. Com. ex rel. Frank Holinko v. Stanley P. Ashe, warden in the Western Penitentiary, Pennsylvania.

PER CURIAM, June 25, 1927:

Frank Holinko, relator, has petitioned for a writ of habeas corpus, averring that he is improperly detained in the Western Penitentiary, and asks that he be discharged from further custody. The defendant was indicted in Armstrong County for obtaining a certain

sum of money by false pretenses, of fraudulent conversion of the same, and conspiring with one unnamed to cheat and defraud the prosecutor. The first offense charged is made punishable under section 111 of the Crimes Act (March 31, 1860, P. L. 410), by fine and imprisonment not exceeding three years; the second by fine and imprisonment not exceeding five years (Act May 18, 1917, P. L. 241), and the third by fine and separate or solitary confinement at labor, or by simple imprisonment not exceeding two years (Act March 31, 1860, P. L. 413, section 128). A plea of guilty was entered generally, and, on December 31, 1921, sentence was imposed of a fine of $2,000, and "imprisonment at separate or solitary confinement in the Western Penitentiary (situated in the City and County of Allegheny) for and during the period of not more than eight years nor less than seven years to be computed from this date."

The petitioner insists the sentence was illegal, and that he has served a longer term than could lawfully be imposed, as a result of which he is entitled to a discharge. An examination of the record leads to the conclusion that the position is well taken, and defendant is entitled to the relief prayed for. The three counts in the bill of indictment charge, in effect, the same offense, as constituting different crimes. Ordinarily, the sentence imposed, under such circumstances, should be limited to the punishment for the one most serious (Johnston v. Com., 85 Pa. 54), though distinct sentences may be ordered where different violations of law are charged in different counts: Com. v. Birdsall, 69 Pa. 482. In the present case, the rule first stated would be clearly applicable to the charges of false pretense and the conspiracy to commit it. As to the second count, charging fraudulent conversion, an apparent intention on the part of the legislature is shown to provide for a separately punishable misdemeanor, though joined with the charge of another crime, since it says in section 3 (Act May 18, 1917, P. L. 241): "It is the true intent

and meaning of this act to define and punish a distinct and separate misdemeanor; and this act shall, in no wise, repeal or alter any statute relating to any felony or misdemeanor heretofore defined and punished by the laws of this Commonwealth."

Whether this legislation has granted the power to impose two sentences, one under the Act of 1860, and the other under the Act of 1917, the underlying facts constituting the crimes charged being the same, need not be decided here, for it is clear that the court could not add the penalties for two offenses, and include them in one sentence of not more than eight nor less than seven years. Had it desired to inflict separate punishments based on distinct counts, it was essential that not more than the maximum period of confinement for each crime be imposed, with the direction that one sentence take effect at the expiration of that preceding. If this does not appear, the terms run concurrently: Halderman's Case, 276 Pa. 1. The maximum punishment possible under the bill in question was that provided where the conviction was of fraudulent conversion, charged in the second count, and the maximum named is five years. Defendant has served a longer period of time, and is therefore entitled to a present release.

In view of the conclusion stated, it is unnecessary to discuss the question raised of the legality of any imprisonment in the Western Penitentiary. The penalty affixed in case of conviction on either the first or second counts of the bill of indictment is simple imprisonment, which means incarceration in a county jail: Com. v. Francies, 250 Pa. 350. Separate or solitary confinement in a penitentiary may be ordered, where one is found guilty of conspiracy, as charged in the third count, but the maximum punishment provided in such case is two years, whereas, under the sentence before us, it is fixed at eight.

Relator discharged.