Commonwealth ex rel. Bishop *v.* Smith, Warden.

*Robert G. Coglizer,* for relator.

*M. J. Eagen,* District Attorney, *J. J. Hibbard,* Special Deputy Attorney General, *Adrian Bonnelly,* Deputy Attorney General and *Charles J. Margiotti,* Attorney General, for Commonwealth.

PER CURIAM, July 23, 1936:

On April 10, 1920, the relator pleaded guilty in the Court of Quarter Sessions of Lackawanna County to four separate bills of indictment, drawn by the district attorney, without a finding by the grand jury, (Act of April 15, 1907, P. L. 62), to wit, three bills charging him with having forged three certain checks drawn on Peoples Savings and Dime Bank and Anthracite Trust Company respectively, and one bill charging him with obtaining money by false pretenses. He was sentenced—in one sentence—on the forgery bills to imprisonment in the Eastern Penitentiary for not less than three years nor more than ten years; and on the false pretense bill to imprisonment in the said penitentiary for not less than one year nor more than three years, the sentences to run consecutively. He was released on parole at the end of four years, but because of other crimes committed by him during his release on parole he was returned to the penitentiary to serve the full term of his sentences without commutation. *(Com. ex rel. Meinzer v. Smith,* 118 Pa. Superior Ct. 250, 180 A. 179; *Com. ex rel. Kent v. Smith,* 333 Pa. 89, 185 A. 742.) He has actually served in the penitentiary, including six days spent in jail, twelve years out of the maximum of thirteen years imposed.

The maximum sentence of imprisonment for forging a check on a bank was five years in the penitentiary:

Act of March 31, 1860, P. L. 382, section 164—for forging "any written instrument, other than notes, bills, checks or drafts already mentioned", the maximum imprisonment was ten years in the penitentiary, Act of 1860, supra, sec. 169. The maximum imprisonment for obtaining money by false pretenses was three years simple imprisonment—that is, in the county jail, Act of 1860, supra, sec. 111; *Com. ex rel. Stanton v. Francies*, 250 Pa. 350, 95 A. 798; *Com. ex rel. Hess v. Francies*, 61 Pa. Superior Ct. 445.

The trial judge might have sentenced the defendant on each of the forgery bills and ordered that the sentences should run consecutively. But he did not. Unless so ordered two or more sentences imposed at the same time are held to run concurrently: *Com. ex rel. Holinko v. Ashe*, 290 Pa. 534, 139 A. 197; *Halderman's Petition*, 276 Pa. 1, 119 A. 735. The judge could not lump two or more sentences into one and impose the sum of all in one sentence. Sentence on each indictment must be separately imposed: *Com. ex rel. Holinko v. Ashe*, supra, p. 536; *Com. ex rel. Hallett v. McKenty*, 80 Pa. Superior Ct. 249, 250.

There was no warrant in law for sentencing the defendant on the false pretense bill to imprisonment at labor in the penitentiary. It should have been simple imprisonment in the county jail. The Supreme Court ruled in *Com. ex rel. Stanton v. Francies*, 250 Pa. 350, 95 A. 798, that imprisonment at labor in the penitentiary for fourteen months and one week was the equivalent in punishment of imprisonment in the county jail for not less than two years nor more than three years. See also *Clellans v. Com.*, 8 Pa. 223; *Com. ex rel. Elliott v. Francies*, 58 Pa. Superior Ct. 270; *Com. ex rel. v. Francies*, 73 Pa. Superior Ct. 285.

If, as we are inclined to think, the bills for forgery were drawn under section 164 of the Criminal Code the sentence, in the way in which it was imposed, should

have been for a maximum imprisonment of five years, instead of ten years, and the relator has already served four years more than the aggregate of the legal sentences on both charges.

If, on the other hand, the bills for forgery were drawn under section 169 of the Criminal Code, the relator has served the full maximum of ten years for forgery and two years in the penitentiary at labor on the false pretense bill—the maximum penalty for which is three years in the county jail. And as we pointed out before, two years imprisonment in the penitentiary has been held by our Supreme Court to be more than the equivalent of three years in the county jail.

In either event he is entitled to his discharge. *Com. ex rel. Wilson v. McKenty,* 61 Pa. Superior Ct. 446.

Relator discharged.