## Commonwealth ex rel. Ventura, Appellant, v. Cavell.

Submitted April 21, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Arthur Ventura,* appellant, in propria persona.

*R. Eric Simons,* First Assistant District Attorney, for appellee.

OPINION BY WRIGHT, J., June 11, 1958:

On August 26, 1957, Arthur Ventura, an inmate of the Western State Penitentiary, petitioned the Court of Common Pleas of Beaver County for a writ of habeas corpus. The purpose of the application was to demand that a sentence imposed upon relator by the Court of Oyer and Terminer of Beaver County on March 22, 1950, on a charge of burglary at No. 30 June Term, 1948, and which sentence was directed to commence at the expiration of a prior existing sentence from Washington County, should to the contrary be directed to commence as of, and run without interruption from, February 20, 1948, the date of relator's original commitment to the Beaver County jail. The court below scheduled a hearing, at which relator was represented by counsel and testified in person. The sentence in question was thereafter modified so as to give relator credit for various periods of time, totaling 311 days, he had been held in the Beaver County jail prior to March 22, 1950, and the petition was dismissed. Ventura has appealed.

The factual situation is somewhat complicated, and we will endeavor to summarize it briefly. Following burglaries in Beaver, Washington, Greene, and Westmoreland Counties, appellant was apprehended and committed to the Beaver County jail on February 20, 1948. Prior to his trial in Beaver County, appellant was released from and returned to the Beaver County jail on five occasions in connection with the various prosecutions against him. On December 17, 1948, appellant was convicted in Beaver County. Prior to his original sentence in Beaver County, appellant was released from and returned to jail on three more occasions. On the last of these, May 9, 1949, appellant was sentenced in Washington County to a term of 7½ to 20 years. This judgment of sentence was af-

firmed in *Commonwealth v. Romito et al.*, 166 Pa. Superior Ct. 158, 70 A. 2d 444. On June 8, 1949, appellant was sentenced in Beaver County to a term of 10 to 20 years. Because of a trial error, this judgment of sentence was reversed and a new trial awarded in *Commonwealth v. Ventura*, 166 Pa. Superior Ct. 162, 70 A. 2d 446. After a second trial in Beaver County, appellant was sentenced to a term of 3 to 10 years, sentence to commence at the expiration of the sentence imposed in Washington County. The sentence imposed upon appellant in Greene County is not here material as it was served concurrently with his Washington County sentence. However, the Beaver County sentence is to be followed by an aggregate sentence of 20 to 40 years imposed in Westmoreland County. According to appellant's brief, he was paroled on his Washington County sentence on November 9, 1956, and was immediately re-entered to serve the Beaver County sentence.

The three questions appellant raises on this appeal actually involve only one contention, as previously indicated, that the sentence imposed by the Beaver County court must commence as of, and run without interruption from, February 20, 1948, and that it was unlawful for the court below to direct that said sentence should commence at the expiration of the Washington County sentence. The effect of this contention, if sustained, would be to make the Washington and Beaver County sentences concurrent, and virtually nullify the latter. The authority cited by appellant for his contention is Section I of the Act of 1937, P.L. 1036, 19 P.S. 894.[1] The Commonwealth relies upon the same statute.

---

[1] ". . . all sentences . . . shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense

The legislative purpose of the Act of 1937 is to secure to the person convicted after imprisonment in default of bail a credit for the actual time spent in custody preceding imposition of the sentence: *Commonwealth ex rel. Accobacco v. Burke,* 162 Pa. Superior Ct. 592, 60 A. 2d 436. In *Commonwealth ex rel. Dion v. Martin,* 183 Pa. Superior Ct. 310, 131 A. 2d 150, a convict on parole committed another crime. The trial judge directed that his sentence be computed from the date of commitment to the county prison. We held that this direction did not require that the sentence should run concurrently with the unexpired parole time, but was solely for the purpose of compensating the defendant for the time served in jail prior to sentence. See also *Commonwealth ex rel. Thomas v. Maroney,* 175 Pa. Superior Ct. 446, 106 A. 2d 869; *Commonwealth ex rel. Geisler v. Claudy,* 172 Pa. Superior Ct. 281, 93 A. 2d 873; *Commonwealth ex rel. Harmon v. Burke,* 171 Pa. Superior Ct. 547, 91 A. 2d 385; *Commonwealth ex rel. Kunkle v. Claudy,* 171 Pa. Superior Ct. 557, 91 A. 2d 382; *Commonwealth ex rel. McNeair v. Banmiller,* 392 Pa. 101, 139 A. 2d 633.

Appellant's contention is markedly similar to that advanced by the relator in *Commonwealth ex rel. Rogers v. Harris,* 180 Pa. Superior Ct. 323, 119 A. 2d 862. Rogers was arrested for an offense committed in Schuylkill County and was placed in jail on March 4, 1948. On March 8, 1948, he was removed to Lackawanna County and given a preliminary hearing in connection with criminal charges brought against him there. He was returned to Schuylkill County on March 10, 1948. On May 13, 1948, he was tried and convicted

or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall in its discretion direct".

in Schuylkill County. Sentence was deferred pending motions for a new trial and in arrest of judgment. On October 1, 1948, he was again removed to Lackawanna County where he was tried and convicted and, on November 29, 1948, sentenced to a term of 10 to 20 years in the Eastern State Penitentiary. On December 7, 1948, he was returned to Schuylkill County. On January 3, 1949, the motions for a new trial and in arrest of judgment were overruled. Sentence was imposed on January 17, 1949, and it was directed that this sentence should commence after the expiration of the Lackawanna County sentence, and also after the expiration of a sentence for prison breach. The relator contended that the commencement of his Schuylkill County sentence should date back to March 4, 1948. Discussing this contention, President Judge RHODES said.:

" Courts have inherent power to fix the time of the beginning of service of sentences imposed, which cannot be taken away except by express and unequivocal statutory enactment . . . The Court of Oyer and Terminer of Schuylkill County was not deprived of this power as to relator by the Act of May 28, 1937, P.L. 1036 . . .

"By this act relator was entitled to credit on his sentence for the period of actual imprisonment before imposition of sentence. But there is no merit in the argument that his sentence . . . automatically began on . . . the day of commitment to the Schuylkill County prison, whereby it would run concurrently with sentences imposed after that date. Under the circumstances, the Court of Oyer and Terminer of Schuylkill County could make the sentence . . . run consecutively to other outstanding sentences. Relator is entitled to credit only for the time spent in confinement between arrest and sentence, the confinement being by reason of the offense for which sentence is imposed."

In the case at bar, the court below calculated that appellant was entitled to a total credit of 311 days and modified the sentence accordingly. No question has been raised as to the accuracy of this calculation, and we hold that it represents the credit to which appellant was entitled to under the Act of 1937. While the court below could not deprive appellant of this credit, it was not required to make his sentence concurrent with prior existing sentences. The Act of 1937 merely regulates and prescribes the computation of sentences. It does not preclude punishment for criminal offenses.

The order of the court below is affirmed.