## Commonwealth ex rel. Orlando v. Ceraul

*Gus Milides*, for petitioner.

*Russell Kowalyshyn*, Assistant District Attorney, for Commonwealth.

BARTHOLD, P. J., July 28, 1958.—This is a petition for a writ of habeas corpus to test the legality of relator's detention in the Northampton County Prison. It appears that the petition was prepared by relator without the advice of counsel. The court accordingly appointed counsel to represent relator and scheduled a hearing on the petition. At the several hearings all of the relevant facts were agreed to and stipulated of record, the last stipulation having been presented to the court on July 10, 1958.

On April 24, 1951, relator was arrested in Lehigh County and incarcerated in the Lehigh County Prison where he remained in default of bail to await disposition of three Lehigh County indictments, nos. 26, 27 and 28, June term, 1951, sur charges burglary, larceny and receiving stolen goods.

On June 14, 1951, pursuant to a writ of habeas corpus ad prosequendum, relator was brought from the Le-

high County Prison to Northampton County to answer indictments nos. 38, 56, 57, 58, 71 and 72, April term, 1951, returned against him by the Northampton County grand jury sur charges of burglary and larceny. Relator was tried on said indictments before the court and a jury and was convicted on all charges.

On June 14, 1951, the Northampton County Court sentenced relator to concurrent terms of three and one-half to seven years on indictments Nos. 38, 56, 58, 71 and 72, April term, 1951. Imposition of sentence was suspended on indictment no. 57, April term, 1951, during good behavior, defendant to pay a sum in an amount equal to the costs. Relator was then returned to the Lehigh County Prison to await disposition of Lehigh County indictments nos. 26, 27 and 28, June terms, 1951.

On June 18, 1951, relator entered pleas of guilty to the Lehigh County indictments and on the same day was sentenced by the Lehigh County Court as follows:

Indictment no. 26, June term, 1951, Lehigh County:

"The sentence of the Court is that you, Robert Carmen Orlando, pay a fine of $25.00, the costs of prosecution, make restitution, if you have not already done so, and undergo imprisonment in the Lehigh County Prison for a period of not less than one (1) year or more than two (2) years, to date from April 24th, 1951 [the date of his original arrest and confinement in the Lehigh County Prison], and stand committed until this sentence is complied with."

Indictment no. 27, June term, 1951, Lehigh County:

"The sentence of the Court is that you, Robert Carmen Orlando, pay a fine of $25.00, the costs of prosecution, make restitution, if you have not already done so, and undergo imprisonment in the Lehigh County Prison for a period of not less than six (6) months nor more than one (1) year, to begin at the expiration of

the sentence in No. 26 June Sessions, 1951, and stand committed until this sentence is complied with."

Indictment no. 28, June term, 1951, Lehigh County:

"Sentence deferred, defendant, Robert Carmen Orlando, however, to pay costs of prosecution, meanwhile."

While confined in the Lehigh County Prison relator escaped therefrom and was indicted in Lehigh County to no. 125, September term, 1951, on a charge of prison breach. The Lehigh County Court, on December 5, 1951, sentenced relator as follows:

Indictment no. 125, September term, 1951, Lehigh County:

"Eo Die, the sentence of the Court is that you, Robert Carmen Orlando, pay a fine of $25.00, the costs of prosecution and undergo imprisonment in the Lehigh County Prison for a period of not less than one and one-half (1½) years nor more than three (3) years, to begin at the expiration of the sentences presently being served and stand committed until this sentence is complied with."

On December 29, 1951, the sentence in no. 125, September term, 1951, was amended and corrected by the Lehigh County court to read as follows:

"Eo Die, it appears to the Court that the sentence in No. 125 September Sessions, 1951, was erroneously based upon a combination of the sentences in Nos. 26 and 27 June sessions, 1951, whereas, at the time of the Prison Breach the defendant was actually serving the sentence in No. 26 June Sessions, 1951. It is, therefore, ordered that the sentence entered on December 5th, 1951, to No. 123 September Sessions, 1951, be modified to read that you, Robert Carmen Orlando, pay a fine of $25.00, the costs of prosecution and undergo imprisonment in the Lehigh County Prison for a period of not less than one (1) year nor more than two (2) years to begin at the expiration of the sentences

being served at that time. The correction of sentence is to apply only to Robert Carmen Orlando and the imprisonment is to be served in the Eastern State Penitentiary in accordance with the transfer of the prisoner heretofore made."

On December 20, 1951, relator was transferred from the Lehigh County Prison to the Eastern State Penitentiary. A detainer was lodged against him by the Northampton County authorities.

On October 15, 1953, the senior parole officer of the Eastern State Penitentiary informed the district attorney of Northampton County that relator was due for release from the Eastern State Penitentiary on October 24, 1953, for disposition of the Northampton County detainer.

On October 24, 1953, the sheriff of Northampton County certified that relator had been returned to the Northampton County Prison from the Eastern State Penitentiary.

On October 24, 1953, relator was discharged on parole from the Northampton County Prison pursuant to parole granted by the Pennsylvania Board of Parole.

On October 12, 1957, relator was recommitted to the Northampton County Prison by the Pennsylvania Board of Parole for parole violation. Relator is presently undergoing imprisonment in the Northampton County Prison.

Relator maintains that the cumulative sentences imposed in Lehigh County on June 18, 1951, indictments nos. 26 and 27, June term, 1951, supra, and on December 5, 1951, as amended December 29, 1951, indictment no. 125, September term, 1951, supra, computed from April 24, 1951, the date of relator's arrest and imprisonment in Lehigh County, ran concurrently with the Northampton County sentences, indictments nos. 38, 56, 58, 71 and 72, April term, 1951, supra,

from June 14, 1951, the date of the Northampton County sentences and therefore relator has fully served the sentences imposed both in Lehigh and Northampton Counties and is presently entitled to his liberty.

Relator relies upon the provisions of the Act of May 28, 1937, P. L. 1036, sec. 1, 19 PS §894. The act provides:

"From and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct."

Relator invokes the provisions of this act on the theory that when he was sentenced in Lehigh County on June 18, 1951, he was then undergoing imprisonment under the sentences imposed in Northampton County on June 14, 1951, and that the sentences, even though imposed by different court, ran concurrently because the Lehigh County court did not stipulate that its sentences should commence at the expiration of the prior sentences imposed by the Northampton County court. In support of this theory, defendant contends that when he was detained in the Northampton County Prison immediately after sentence in Northampton County on June 14, 1951, he then began serving the Northampton County sentences, that his later transfer to the Lehigh County Prison was for the purpose of answering the pending criminal charges against him in Lehigh County, that after the Lehigh County court

sentenced him he should have been returned to the Northampton County Prison to continue serving the sentences imposed in Northampton County and should not have been detained in the Lehigh County Prison to serve the sentences imposed in Lehigh County.

As we view the record, we need not decide which court had precedence in holding relator for service of sentence. Suffice it to say that relator did not create this problem and therefore should not be prejudiced thereby. The difficulty arises because the record is silent as to whether or not the Lehigh County court took into consideration the prior sentences imposed by the Northampton County court. The Lehigh County court had the authority to make its sentences run from the expiration of the prior Northampton County sentences. Instead of adopting this course the Lehigh County court designated April 24, 1951, as the date of the commencement of the Lehigh County sentences but said nothing with respect to the prior Northampton County sentences. This raises the basic question whether sentences imposed by different courts run concurrently or successively.

The Act of 1937, supra, does not answer the basic question. In construing the act, the Superior Court of Pennsylvania in Commonwealth ex rel. Lycett v. Ashe, 145 Pa. Superior Ct. 26, at page 31, stated: " . . . as we read the act it applies only to two or more consecutive sentences imposed at the same time by one court." In view of this construction of the Act of 1937, we must look to the common law for an answer.

At common law, and in the absence of contrary statutes, two or more sentences to imprisonment ordinarily run concurrently where the sentences are silent on the concurrent or cumulative character of the imprisonment. Commonwealth ex rel. Holinko v. Ashe, 290 Pa. 534; Halderman's Petition, 276 Pa. 1; Com-

monwealth v. Birdsall, 69 Pa. 482; Mills v. Commonwealth, 13 Pa. 631; Russel v. Commonwealth, 7 S. & R. 489; Commonwealth v. Harrison, 142 Pa. Superior Ct. 453, 456; Commonwealth ex rel. Bishop v. Smith, 123 Pa. Superior Ct. 79.

Does the common law rule apply where the sentences are imposed by different courts?

While there is some authority to the effect that sentences imposed by different courts run successively even though the later sentence does not so state, this view has been criticized as not in accord with the weight of authority. The better view is that where a person under sentence for a crime is convicted and sentenced for another offense in a different court, the sentences run concurrently unless the judgment in one stipulates that imprisonment shall commence at the expiration of imprisonment upon the other conviction or a statute provides a different rule: 15 Am. Jur. §471, pp. 126, 127; 24 C. J. S. §1996, p. 1237. The Pennsylvania Superior Court in Commonwealth ex rel. Cox v. Ashe, 146 Pa. Superior Ct. 365, appears inferentially at least to have adopted what is considered the better view. At page 370 of the opinion, the court states: "As relator, at the time of his plea and sentence by the Court of Quarter Sessions of *Clarion County* at No. 27, August Sessions, 1937, was neither in prison nor legally on patrol; and as that court did not order its sentence to begin at the expiration of the sentence on bill No. 7, November Sessions, 1930 *Bedford County*, the sentence which it imposed began to run from the date of imposition." (Italics supplied)

On the record facts and the law applicable thereto we hold that the sentences imposed upon relator in Lehigh County ran concurrently with the sentences imposed in Northampton County beginning June 14, 1951, the date of imposition of the Northampton Coun-

ty sentences. Under this view relator has served the maximum term of the several sentences imposed in both Lehigh and Northampton Counties. Computed in accordance with section 1 of the Act of June 25, 1937, P. L. 2093, 19 PS §897, the minimum limits of the sentences imposed by the Lehigh County court aggregate two and one half years and the maximum limits five years, beginning April 24, 1951. Relator therefore served the minimum limits of the Lehigh County sentences on October 24, 1953, and the maximum limits on April 24, 1956. The minimum limits of the Northampton County sentences aggregate three and one half years and the maximum limits seven years, beginning June 14, 1951. In light of our decision that the sentences of the different courts ran concurrently, relator served the maximum limits of the Northampton County sentences on June 14, 1958, and is presently eligible for discharge unless he owes parole time as a parole violator.

The record indicates that the Pennsylvania Board of Parole granted a parole to relator while serving his Northampton County sentence and that he was released on parole on October 24, 1953. The record further indicates that he was returned by the Pennsylvania Board of Parole to the Northampton County Prison on October 12, 1957, for parole violation. Inasmuch as the record does not disclose the parole time, if any, required to be served for parole violation, we will enter an order discharging relator from imprisonment upon service of parole time, if any is owed by relator as the result of his parole violation.

*Order*

And now, July 28, 1958, the writ is granted, and relator is ordered discharged from imprisonment upon service of any parole time due as a parole violator.