## Commonwealth ex rel. Senkovich v. Banmiller (No. 2)

*Paul N. Gardner*, for petitioner.

*Paul A. McGinley*, District Attorney, and *Robert Lesko*, Assistant District Attorney, for Commonwealth.

HENNINGER, P. J., November 25, 1958.—Relator is presently a prisoner in the Eastern State Penitentiary, serving a sentence imposed upon him by our court in no. 47 June sessions, 1951, as follows:

"Eo Die, the sentence of the court is that you, Michael James Senkovich, pay a fine of $25.00, the cost of prosecution and undergo imprisonment in the Lehigh County Prison for a period of not less than one year nor more than two years, and stand committed until this sentence is complied with."

At the time of sentence, relator was a prisoner at the Bucks County Prison. He was produced by the warden of the Bucks County Prison on a writ of habeas corpus ad testificandum et prosequendum and after fulfilling the purpose of said writ, viz., "for pleading guilty and for the imposition of sentence", he was returned to the Bucks County Prison.

Relator later escaped from the Bucks County Prison and was arrested in Lehigh County charged with armed robbery. He pleaded guilty to that charge and was sentenced by this court to the Eastern State Penitentiary. Thereafter, on the petition of the warden of Lehigh County Prison and the consent of the Department of Welfare, we ordered his transfer to the same penitentiary to serve the 1951 sentence.

The Pennsylvania Board of Parole has granted relator a technical parole on his prior Lehigh County sentences, so that he is now serving the sentence in no. 47, June sessions, 1951.

Relator makes three points: (1) That in the petition of transfer it is stated: "Transferred to your institution to serve all of his time in conjunction with no. 66 April sessions, 1952, and no. 20, June sessions,

1952"; (2) that since there was no time named for service of the 1951 sentence, its service began with the date of sentence and was concurrent with the Bucks County sentence; and (3) that he was paroled on other Lehigh County sentences six months after the expiration of his minimum sentences because of an erroneous certification of one of those sentences.

The last grievance is altogether beyond our power to amend. The term has expired, the right to parole at the expiration of a minimum sentence is wholly discretionary with the Board of Parole and, in the absence of illegal detention, courts may not interefere with the board's discretionary power. It was relator's good fortune that the sentence in no. 20, June term, 1952, as docketed, did not show that it was intended to be cumulative rather than concurrent and the granting of additional clemency is entirely a matter for the Board of Parole.

Nor is there any merit in relator's reliance upon the above-quoted language in the warden's petition for his transfer to Eastern State Penitentiary. The term had expired, thus depriving the court of any power over the sentence theretofore imposed. If the court had no such power, surely the warden had none and our approval of the transfer cannot be interpreted as granting a power we did not possess. It is not necessary, therefore, for us to discuss the meaning of the word "conjunction" except to say that one thing may be joined to another before, behind, above, below or alongside it. See Commonwealth ex rel. Harman v. Burke, 171 Pa. Superior Ct. 547, wherein it is stated, page 554: "Irrespective of the intent of the sentencing judge, however, the manner and order of service, having been provided by law, cannot be changed by the court." See also Commonwealth v. Conrey, 184 Pa. Superior Ct. 575, 578.

The second reason given is also without merit. It hangs upon the slender thread that a sentence presumptively runs from the time of imposition. Relator seeks to fortify this proposition: (1) With a statement from 15 Am. Jur. 126, §471, under the title "Criminal Law", that ordinarily where a person under sentence for crime is convicted and sentenced for another offense in a different court, the sentences run concurrently, unless the sentence or a statute provide otherwise; (2) by reference to the Act of May 28, 1937, P. L. 1036, 19 PS §894, which provides as follows:

"From and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct."

It will be noted at once that American Jurisprudence states that "ordinarily" the rule as given applies and to the same effect is 24 C. J. S. 1237, §1996 Criminal Law, but strangely both are silent upon the effect of sentences by different courts to *different* prisons. Corpus Juris Secundum in the same section, at page 1241, does state that in different sovereignties the presumption is that the sentences are cumulative. While Lehigh and Bucks Counties are not technically different sovereignties, they are coequal independent jurisdictions and there is no reason why a rule applicable to different sovereignties should not in logic apply to different jurisdictions.

Assuming arguendo that sentences by different courts to the same prison run concurrently, the sentences here involved were to different prisons, rendering it impossible for relator to comply with one sentence while serving the other. The rationale of this rule is well expressed in State v. Smith, 235 N. C. 169, 69 S. E. 2d 174, that a man cannot be in two places at the same time and therefore he cannot serve a sentence in two separate penal institutions simultaneously. It follows logically that whether or not the judge states that such a sentence is to be cumulative, it becomes so by the impossibility of the fulfillment of its terms in any other way.

When we analyze the disputed sentence, we see that it could not have begun to be served until relator was delivered to or surrendered himself to the Lehigh County Prison where we directed him to serve. That it was beyond his power to begin service at once was a matter of his own making.

We considered this problem collaterally in Commonwealth ex rel. Neiswender v. Dressell, 89 D. & C. 106, in which an absconding parolee contended that he could not be held longer than four years after the date of imposition of a four-year sentence. We there called attention to the fact that defendant on December 31, 1949, had been sentenced to *serve* four years and that he had not been sentenced to serve until December 31, 1953.

In this case, we sentenced relator not to serve one to two years wherever he might be, but specifically to serve the sentence in *Lehigh County Prison.* He could not begin to fulfill the sentence until he began his service in Lehigh County. To hold otherwise is to ignore an essential part of the sentence, the designation of the prison where it is to be served.

Conceding that a sentence is "ordinarily" to be computed from the date of imposition, we are of the opin-

ion that designation of service of imprisonment in a prison other than the one holding the body of the prisoner is sufficient to overcome the ordinary rule. Our courts have held that it is not repugnant to the law to prescribe that service of a sentence is to begin at a future date: Commonwealth ex rel. Rogers v. Harris, 180 Pa. Superior Ct. 323, 329; Commonwealth ex rel. Ventura v. Cavell, 186 Pa. Superior Ct. 204, 209.

But relator contends that the Act of 1937, supra, controls this case. In our opinion, this can afford relator little comfort.

Relator had never been "committed" in Lehigh County until after his arrest here long after the disputed sentence had been imposed. At the time of his sentence, he was merely on loan from Bucks County and we were bound legally and morally to return him to Bucks County.

It is to be noted that in 1952, Lehigh County obtained the body of the prisoner independently of the Bucks County authorities and therefore had the right to exact of relator all sentences due and to become due Lehigh County before returning the prisoner to Bucks County. Just the opposite was true when the disputed sentence was imposed.

When relator was "committed" to our prison in 1952, it was on other charges and the same Act of 1937 required that he be given credit on those sentences from the date of commitment thereon. Since the term had passed during which the disputed sentence was imposed, nothing we did at the time of sentencing on the other charges could affect the force of the disputed sentence. Since we sentenced to another institution, namely, the Eastern State Penitentiary, it was impossible for the new sentence to run concurrent with the former one.

The subsequent transfer of relator to Eastern State Penitentiary to serve the Lehigh County Prison sentence in dispute could not change the legal status of the several sentences. While relator is actually serving in the penitentiary, he is, in law, still a Lehigh County Prison inmate while serving in the penitentiary.

Since relator was not committed to the Lehigh County Prison prior to the date of sentence and was not then serving a sentence there, the latter clause of the Act of 1937 does not apply. If it did apply, we are convinced that it would apply only to the sentencing court then having custody of the prisoner or at the most to a court sentencing to the same place of imprisonment.

Furthermore, in the latter clause there is no presumption one way or the other. It is "as the court shall, in its discretion, direct." Failure to direct leaves the question open. If the question is open, then surely imposition of a sentence to be served in a different prison negates concurrent service since it is impossible for the prisoner to be in two prisons at once.

We have thoroughly examined the cases cited and find but one (Commonwealth ex rel. Orlando v. Ceraul, 17 D. & C. 2d 49, decided July 28, 1958) in point.

Both Commonwealth ex rel. Holinko v. Ashe, 290 Pa. 534, and Holderman's Petition, 276 Pa. 1, upon which it is based, referred to sentences by the same court at the same time for related offenses and the expression that unless otherwise stated, sentences run concurrently has no bearing upon our case. The same is true of Commonwealth v. Harrison, 142 Pa. Superior Ct. 453, 456, and Commonwealth ex rel. Bishop v. Smith, 123 Pa. Superior Ct. 79, 81. All of these cases also related to the improper lumping of sentences.

The above cited Orlando case is, as we have stated, apposite and would rule this case in relator's favor. We are reluctantly compelled, however, to differ from

the reasoning and conclusion of our learned friend and colleague, the author of that opinion. In the Orlando case, a Lehigh County prisoner awaiting trial was sent to Northampton County in response to a writ of habeas corpus ad testificandum et prosequendum and on June 14, 1951, sentenced by Northampton County to three and one half to seven years imprisonment. He was immediately returned to Lehigh County Prison. On June 13, 1951, the Lehigh County Court imposed two consecutive sentences of one to two years and six months to one year in the Lehigh County Prison, to date from April 24, 1951, and on December 5, 1951, after an attempted prison breach, Orlando was sentenced to one and one half to three years, later reduced to one to two years. On October 24, 1953, Orlando was turned over to the Northampton County authorities and was immediately paroled therefrom by the State Board of Parole for reasons not appearing of record. On October 12, 1957, Orlando was recommitted to Northampton County Prison for technical violation of parole and then he applied for discharge on habeas corpus, having his last hearing on July 10, 1958, or more than seven years after the date of sentence.

As we understand the holding of the Northampton County Court, it is based upon the theory that since it first imposed sentence, its sentence should have been first served and that the Lehigh County authorities, having sentenced last, should have postponed the service of its sentence and should have first delivered the prisoner to Northampton County for service of its sentence. Conceding that we might have done so, we are convinced that we were not bound to do so. Having original custody of the prisoner, Lehigh County certainly had the right to exact all of its penalties before delivering the prisoner to Northampton County, and our gracious act in permitting defendant to visit

Northampton County for imposition of sentence in no way relinquished our hold upon him. Lehigh County, therefore, as the county of commitment, was bound to date its sentence from the date of commitment and since Lehigh County held the prisoner, there was no reason to start his sentences from any date but that of commitment.

It is to be noted that Commonwealth ex rel. Lycett v. Ashe, 145 Pa. Superior Ct. 26, cited in support of the proposition that the Act of 1937 relates only to consecutive sentences imposed at the same time by one court, really refers to the Act of June 25, 1937, P. L. 2093, referring to lumping of sentences for parole purposes and has no reference to the Act of May 28, 1937.

We have considered above the argument that sentences, unless otherwise stipulated, and although imposed by different courts, are nevertheless concurrent. The courts of Pennsylvania have so held at least inferentially in Commonwealth ex rel. Cox v. Ashe, 146 Pa. Superior Ct. 365, 370, a case with an exceptional state of facts in which the second sentence was to the *same institution* as in the earlier sentence, upon which the Superior Court found the prisoner had been improperly released on parole. In that case, it was possible for defendant to comply with both sentences at the same time, because he was serving where each court had ordered him to serve. In the Orlando case, concurrent service was impossible, because the Northampton County sentence was presumably to the Northampton County Prison and could not be fulfilled by service in Lehigh County.

No Pennsylvania case, appellate or otherwise, excepting the Orlando case, has been called to our attention holding that service of a sentence in one prison constitutes service of a sentence to another prison. "Weight of authority" as given in the text books, is

a matter of opinion which is not sustained by the citations.

We hold then that direction to serve in Lehigh County Prison clearly directs that a sentence is not cumulative with a sentence by another court served in another prison and that it is the date of commitment for the specific offense which determines the date of commencement of a sentence.

Relator's presence in court was not required because we have accepted as verity all of the allegations of fact in his petition for a writ of habeas corpus.

Now, November 25, 1958, the rule heretofore granted to show cause why a writ of habeas corpus should not be granted is discharged and the petition dismissed.