Commonwealth ex rel. Darby, Appellant, *v.* Myers.

462

Submitted June 10, 1959.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Cecil Darby,* appellant, in propria persona.

*Juanita Kidd Stout,* Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WRIGHT, J., September 16, 1959:

Cecil Darby has appealed from an order of Court of Common Pleas No. 5 of Philadelphia County dismissing his petition for a writ of habeas corpus.

The record discloses that, on June 26, 1946, appellant was sentenced by the Court of Quarter Sessions of Philadelphia County on three bills of indictment, Nos. 591, 594, and 595 June Sessions 1946. Bills Nos. 591 and 594 charged armed robbery, and Bill No. 595 charged burglary, larceny, and receiving stolen goods. On bill No. 591 appellant was sentenced for a term of five to ten years in the Eastern State Penitentiary "to

be computed from 5-25-46". On Bill No. 594 appellant was sentenced for a term of five to ten years in the Eastern State Penitentiary "to be computed from 5-25-46 after sentence on Bill 591 June 1946". On Bill No. 595 appellant was sentenced for a term of five to ten years in the Eastern State Penitentiary "to be computed from 5-25-46 after sentence on Bill 594 June 1946". The prison authorities aggregated appellant's sentences to a total minimum of fifteen years and a total maximum of thirty years in accordance with the provisions of the Act of 1937, P. L. 2093, 19 P.S. 897. See *Commonwealth ex rel. Chaney v. Cavell*, 185 Pa. Superior Ct. 82, 138 A. 2d 180. Appellant's minimum term will therefore expire on May 25, 1961, and his maximum term will expire on May 25, 1976. On July 31, 1946, appellant was transferred to the Eastern State Penitentiary at Graterford where he is presently confined.

It is appellant's contention on this appeal that, in view of the direction of the trial judge that the sentences should be computed from May 25, 1946, and in view of the omission of the word "consecutively", his sentences ran concurrently, wherefore his maximum term expired on May 25, 1956, and he is presently entitled to release. Appellant cites *Commonwealth ex rel. Cox v. Ashe*, 146 Pa. Superior Ct. 365, 22 A. 2d 606, and *Commonwealth v. Downer*, 161 Pa. Superior Ct. 339, 53 A. 2d 897, but these cases do not support his contention.

A sentence is to be construed in its entirety, and so as to give effect to the intent of the sentencing court: *Commonwealth ex rel. Scoleri v. Burke*, 171 Pa. Superior Ct. 285, 90 A. 2d 847. While the sentences in the instant case might have been phrased more carefully, it is readily apparent that it was the court's intention to impose consecutive rather than concurrent sentences.

Apparently the sentencing judge referred in each sentence to the date of appellant's commitment in an effort to comply with the Act of 1937, P. L. 1036, 19 P.S. 894. See *Commonwealth ex rel. Ventura v. Cavell*, 186 Pa. Superior Ct. 204, 142 A. 2d 456. Under the circumstances, this reference in the sentences on Bills Nos. 594 and 595 does not govern their effect. The controlling words in the sentence on Bill No. 594 are "after sentence on Bill 591". Similarly, the controlling words in the sentence on Bill No. 595 are "after sentence on Bill 594".

Order affirmed.