## Commonwealth v. Albright

*William J. P. Collins*, for relator.

*George J. Joseph*, District Attorney for respondent.

HENNINGER, P. J., May 17, 1960.—Relator, while detained in prison in Northampton County in default of bail to answer a charge of burglary in that county, was brought before the court in Lehigh County through a writ of habeas corpus ad testificandum et prosequendum to answer a similar charge here.

On January 5, 1955, this court entered the following sentence:

"Eo die [January 5, 1955], the sentence of the Court is that you, William Dunlap, pay a fine of Fifty Dollars ($50.00), the costs of prosecution, make restitution if you have not already done so, and undergo imprisonment in the Lehigh County Prison for a period of not less than one (1) year nor more than two (2) years and stand committed until this sentence is complied with. He may be returned to the Northampton County authorities for disposition of the case before that court."

The habeas corpus having served its purpose, defendant was remanded to the Northampton County prison and on January 31, 1955, the Northampton County court sentenced him to not less than five nor more than 10 years in the Northampton County prison.

Pursuant to a detainer filed by this court with the Northampton County prison on January 25, 1955, relator was delivered to the Lehigh County prison on December 28, 1959, to begin service of his Lehigh County sentence.

Relator has instituted these habeas corpus proceedings on the theory that relator should have been re-

tained in Lehigh County when he pleaded guilty on January 5, 1955, and that that sentence began on that date, although we returned him at once to the authorities from whom we received him and he has not served even the minimum sentence of one year in the Lehigh County prison as required by our sentence.

In our opinion, this case is ruled by Commonwealth ex rel. Senkovich v. Banmiller, 17 D. & C. 2d 467, in which exactly the same situation occurred excepting that the counties involved were Bucks and Lehigh instead of Northampton and Lehigh. We shall not repeat in this opinion what is there stated.

Relator would distinguish this case from the Senkovich case because in the Senkovich matter defendant was already under sentence, whereas in our case defendant was merely awaiting trial and could have been released on bail, if bail had been available.

We see no distinction in this respect. A complete answer is found in the case of Commonwealth ex. rel. Fraley v. Rotan, 82 Pa. Superior Ct. 172, in which the Superior Court held, page 176:

". . . The writ of habeas corpus ad testificandum does not take the custody of the party who is desired to be brought into court from the custody of the person or institution to which he has been committed. The purpose of the writ is to bring the witness into court. When he is produced the writ is executed. He is still in charge of the warden or other officer who is designated as his custodian: Com. v. Ross, 28 Co. Ct. Report 276. The right of custody is not in question, the writ is merely in the nature of a subpoena, the difference between the two being that a subpoena is served upon . . . the one who is able to bring in his custody the person desired into court. . . ."

It is clear, then, that when relator appeared in our court to plead guilty, his body was under the control

of the warden of the Northampton County prison, that he was in Lehigh County for a single purpose and that when that purpose, the plea and imposition but not the service of the sentence, was completed, we were in law and honor bound to permit the warden of Northampton County to continue in control of the prisoner.

It was at Lehigh County's own risk that the detainer was not filed with the Northampton County authorities for almost three weeks and if he had meanwhile obtained bail, we could not have complained, had those authorities set him free. The fact remains that he did not in fact obtain bail and therefore what Northampton County might have done becomes an academic question.

Relator cites several cases in which prisoners in like circumstances have been allowed to remain in the custody of the county which first sentenced them, although that county had obtained custody by means of a writ of habeas corpus ad testificandum et prosequendum: Commonwealth ex rel. Rogers v. Harris, 180 Pa. Superior Ct. 323; Commonwealth ex rel. Fox v. Martin, 9 D. & C. 2d 775; Commonwealth ex rel. Ventura v. Cavell, 186 Pa. Superior Ct. 204; Commonwealth ex rel. Orlando v. Ceraul, 17 D. & C. 2d 49.

The question involved in our case was not raised in either of the Superior Court cases which merely held that the sentence of one court could be postponed to that of another court. Being cumulative and to the same prison it was immaterial which was first served. Neither was the question raised in Commonwealth ex rel. Fox v. Martin, supra, but it is there stated that the Bucks authorities who had custody voluntarily surrendered relator to the Philadelphia authorities. As we stated in Commonwealth ex rel. Senkovich v. Banmiller, supra, we are not in agreement with the reasoning in the Orlando case.

We find then that relator here must serve his sentence of not less than one year nor more than two years *in the Lehigh County Prison* from the time he was there committed, namely, December 28, 1959.

Now, May 17, 1960, the writ of habeas corpus is refused.