Commonwealth ex rel. Pitts *v.* Myers, Appellant.

Submitted September 12, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Frank P. Lawley, Jr.,* Deputy Attorney General, and *David Stahl,* Attorney General, for Commonwealth, appellant.

No argument was made nor brief submitted for appellee.

OPINION BY RHODES, P. J., November 16, 1961:

Relator, while serving a term of not less than eleven months nor more than twenty-three months in the Delaware County Prison, was released to the authorities in Philadelphia County to be tried on a bill of indictment charging larceny. He was convicted on this charge, and, on December 15, 1958, was sentenced to a term of not less than two years nor more than five years, effective from the date of sentence. He was immediately returned from the Eastern Correctional Diagnostic and

Classification Center to the Delaware County Prison to complete his term there. He was paroled from the Delaware County Prison on October 7, 1959, and delivered on that date to the Eastern Correctional Diagnostic and Classification Center with subsequent transfer to the State Correctional Institution at Graterford.

The Department of Justice advised the State Correctional Institution that the effective date of the Philadelphia sentence should be the date of commitment after parole from the Delaware County Prison, and in accordance with this advice the institution records now list October 7, 1959, as the effective date of relator's Philadelphia sentence.[1]

Relator filed a petition for writ of habeas corpus in Court of Common Pleas No. 2 of Philadelphia County, and, on March 8, 1961, a rule was granted to show cause why the writ should not issue. Respondent filed an answer, and, on May 12, 1961, the court ordered that relator's sentence be computed from December 17, 1958.

Respondent appealed from this order.

The question presented by this appeal is whether the Philadelphia County sentence should begin the date it was imposed or on the date the said institution received the relator within its confines. In its broader aspect, the question becomes whether sentences to different institutions by different courts are, presumptively, or under the facts of this case, concurrent or consecutive.

The court below held that, under the Act of May 28, 1937, P. L. 1036, §1, 19 PS §894, the Philadelphia sen-

---

[1] The communication of the Deputy Attorney General was as follows:

"With reference to your memorandum of 11-27-59, concerning the above subject, the sentence of 2 to 5 years in a State institution should begin and become effective on the date the prisoner became available to you by parole from Delaware County Prison."

tencing court had discretion to make the sentence concurrent or consecutive, and that in this case the sentencing judge in Philadelphia intended it to be concurrent with the sentence in Delaware County. The Act of 1937 provides: "From and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct."

Apparently this question has not been presented to our appellate courts. There are, however, two conflicting lower court decisions in point.

In *Com. ex rel. Orlando v. Ceraul*, 17 Pa. D. & C. 2d 49, while relator was incarcerated in Lehigh County awaiting trial there he was delivered to Northampton County pursuant to a writ of habeas corpus ad prosequendum. After being sentenced in Northampton County, relator was returned to Lehigh County and was there sentenced to a term in the Lehigh County prison. No mention of the Northampton County sentence was made in the Lehigh County sentence. Relator then escaped from Lehigh County Prison, but was recaptured and sentenced to a term in the State Correctional Institution at Philadelphia. Subsequently relator contended that his sentences in Lehigh and Northampton Counties ran concurrently. The Northampton County court found the Act of 1937 inapplicable. In holding relator's sentences to be concurrent the Northampton County court relied upon the rule that two or

more sentences to imprisonment ordinarily run concurrently where the sentences are silent on the concurrent or cumulative character of the imprisonment, citing such cases as *Com. ex rel. Holinko v. Ashe,* 290 Pa. 534, 139 A. 197; *Halderman's Petition,* 276 Pa. 1, 119 A. 735; and *Com. ex rel. Bishop v. Smith,* 123 Pa. Superior Ct. 79, 186 A. 763.

On the other hand, in *Com. ex rel. Senkovich v. Banmiller (No. 2),* 17 Pa. D. & C. 2d 467 (followed in *Com. v. Albright,* 22 Pa. D. & C. 2d 353), Judge HENNINGER of Lehigh County held that sentences imposed by different courts, at different times, to separate and distinct county prisons, were to be served consecutively, and not concurrently. Judge HENNINGER indicated that the Act of 1937 was not applicable.

The Act of 1937 is concerned primarily with giving prisoners credit for jail time served between arrest and conviction. We have held that this Act does not mean that sentences imposed by different courts are necessarily or automatically concurrent rather than consecutive. *Com. ex rel. Rogers v. Harris,* 180 Pa. Superior Ct. 323, 119 A. 2d 862; *Com. ex rel. Ventura v. Cavell,* 186 Pa. Superior Ct. 204, 209, 142 A. 2d 456. As Judge WRIGHT stated in *Com. ex rel. Ventura v. Cavell,* supra, page 210 of 186 Pa. Superior Ct., page 458 of 142 A. 2d: "The Act of 1937 merely regulates and prescribes the computation of sentences. It does not preclude punishment for criminal offenses."

Ordinarily, where a person is already under a sentence from another court, the second sentence is effective at imposition and thus concurrent with the first, unless the sentencing court directs otherwise. *Com. ex rel. Cox v. Ashe,* 146 Pa. Superior Ct. 365, 370, 22 A. 2d 606. However, this rule has been applied only to instances where the different sentences were to the same penal institution, as in *Com. ex rel. Cox v. Ashe,* supra, 146 Pa. Superior Ct. 365, 370, 22 A. 2d 606. Cf.

*Com. v. Giovengo,* 188 Pa. Superior Ct. 220, 146 A. 2d 629.

While there are decisions contra, most of the decided cases hold that separate sentences for distinct offenses imposed by a state court and by a federal court, being to different penal institutions, do not run concurrently. *Ex parte Aubert* (D.C. Cal.), 51 F. 2d 136, 138; *Ex parte McCullen* (D.C. Wash.), 29 F. 2d 852; *Ex parte Sichofsky,* 201 Cal. 360, 257 P. 439, 53 A.L.R. 615, 618; Annotation, 18 A.L.R. 2d 511-516.

The presumption that sentences are to run concurrently has no application where the sentences are imposed by different courts to be served in separate and distinct institutions. See 24 C.J.S., Criminal Law, §1996, p. 1238, note 73; *United States v. Remus* (C.C.A. Ohio), 12 F. 2d 239. The statement of the court, in the sentence imposed in Philadelphia, that it was "effective from date of sentence" does not, without more, have the effect of making the sentences run concurrently. Cf. *Com. ex rel. Darby v. Myers,* 190 Pa. Superior Ct. 461, 154 A. 2d 297.

The order of the court below is reversed.

FLOOD, J., would affirm on the opinion of Judge GRIFFITHS of the court below.