Commonwealth ex rel. Scasserra, Appellant, *v.* Keenan.

444 

Submitted April 15, 1954. Before HIRT, ROSS, GUN-
THER, WRIGHT, WOODSIDE and ERVIN, JJ.

 

*Philip Scasserra,* appellant, in propria persona.

*Clark H. Painter,* for appellee.

PER CURIAM, July 13, 1954:

On August 31, 1951, relator Philip Scasserra pleaded
guilty in the quarter sessions of Butler County, to the
charge of conspiracy to cheat and defraud, and on the
same day pleaded guilty also to the larceny of an auto-
mobile. On each of these convictions by his pleas, the
court sentenced relator to a term of imprisonment of
from three to six years in the Allegheny County Work-
house to be served concurrently, and also to run con-
currently with sentences which had been imposed on
his convictions of other crimes by the quarter sessions

in Allegheny County. On December 15, 1953, he petitioned for his discharge on habeas corpus in the present proceeding. The writ was awarded but after hearing relator was remanded to custody. We must assume that he concedes that the lower court properly decided the issues raised in his petition except in two respects. In the present appeal relator has limited the questions involved to the legality of the sentences imposed in the quarter sessions in both instances. There is merit in his complaint. The prison term imposed for each offense was excessive. Under §302 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4302, the maximum prison term for conspiracy to cheat and defraud is two years by simple imprisonment or by separate or solitary confinement. And imprisonment, by separate or solitary confinement at labor, not exceeding five years is the maximum prison penalty for larceny under §807 of The Penal Code, supra, 18 PS §4806.

Ordinarily a criminal court may not reconsider a sentence after term time. But where the sentence imposed is illegal, we at any time may remand the record for the imposition of a legal sentence to conform with the law. *Com. ex rel. Paige v. Smith, Warden,* 130 Pa. Superior Ct. 536, 548, 198 A. 812; *Commonwealth v. Harrison,* 142 Pa. Superior Ct. 453, 455, 16 A. 2d 665; *Commonwealth v. Downer,* 161 Pa. Superior Ct. 339, 342, 53 A. 2d 897. Although a prisoner may not be entitled to discharge from custody he may have an illegal sentence corrected in a habeas corpus proceeding. *Com. ex rel. McGinnis v. Ashe,* 330 Pa. 289, 293, 199 A. 185; *Com. ex rel. Winkler v. Claudy,* 174 Pa. Superior Ct. 239, 101 A. 2d 430.

Order reversed; the record is remitted in both cases for the imposition of legal sentences by the quarter sessions in conformity with law.