Commonwealth ex rel. Scasserra, Appellant *v.* Keenan.

Submitted April 19, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Philip Scasserra,* appellant, in propria persona.

*Albert A. Fiok,* for appellee.

OPINION BY HIRT, J., July 13, 1954:

As a background to the present proceeding reference should be made to relator's sentences on two other

indictments. On Bill No. 128 June Sessions, 1951, he pleaded guilty on August 16, 1951, to burglary, larceny and receiving stolen goods. On this conviction he was sentenced to imprisonment in the Allegheny County Workhouse for a term of from 3 to 6 years to be computed from July 31, 1951. He was convicted by a jury on September 23, 1951 on Bill No. 437 September Sessions, 1951, charging the obtaining of $1,950 by false pretenses. On this conviction he was sentenced to undergo imprisonment in the Allegheny County Workhouse of from 3 to 6 years, to run concurrently with sentence imposed on Bill 128. On June 12, 1953, relator pleaded guilty to Bill No. 127 June Sessions, 1953, charging larceny of $1,310 by trick, and receiving stolen goods in a second count. On the same day he was sentenced to imprisonment for a term of 6 to 12 months in the Allegheny County Workhouse "to run concurrent with sentence Deft. is now serving in the Work House" referring to the penalty by imprisonment imposed on Bill No. 128.

At numbers 2393 and 2394 January Term, 1954, the relator filed two petitions for habeas corpus attacking sentences, among others, imposed on Bills 127, 128 and 437. On December 14, 1953, Judge Nixon in two separate orders dismissed the two petitions. No appeals were taken from the orders. Since that time relator has acquiesced in the order of the lower court as to the sentence on Bill 128 and he is now in the Allegheny County Workhouse serving that sentence. But subsequent to the order of December 14, 1953, he again, by two separate petitions for habeas corpus attacked the sentences on Bills 127 and 437. After hearing relator and his counsel Judge Nixon dismissed the petitions in two separate orders. From these orders relator appealed at 121 April Term, 1954, involving the sentence imposed on Bill 437 and at 124 April Term, 1954, questioning

the sentence imposed on Bill 127. The appeal based on the sentence imposed on Bill 437 however has since been withdrawn with the result that the only issue before us is the validity of relator's sentence of from 6 to 12 months imposed on June 12, 1953 on Bill 127. The maximum term of that sentence expired on June 12, 1954. But relator cannot be discharged on that ground for the sentences on Bills 128 and 436, which he is now serving and which he no longer questions, will not expire until July 31, 1957.

Since relator's sentence on Bill 127 has been served, the question as to its validity raised in the present habeas corpus proceeding, is academic. We nevertheless have considered the several grounds upon which the sentence was attacked and find no merit in any of them.

Relator complained in the court below in this habeas corpus proceeding, and here asserts as appellant, that the return of the magistrate was irregular and that the action of the grand jury in indicting him was unwarranted in law for that reason. Any question as to the validity of the indictment could have been raised in the trial court, subject to appeal to us from an adverse decision. Such question even when meritorious cannot be raised for the first time in a proceeding such as this. Habeas corpus can never be used as a substitute for an appeal. *Com. ex rel. McGlinn v. Smith,* 344 Pa. 41, 47, 24 A. 2d 1, citing with approval our holding in *Com. v. Seechrist,* 27 Pa. Superior Ct. 423, to the effect that "a writ of habeas corpus cannot be made a substitute for a writ of error, and where a party is in custody by virtue of a final decree or judgment, or process thereon, of a court of competent jurisdiction, no inquiry into the process which led to the decree is to be had, and no relief administered on habeas corpus." Moreover appellant in this proceeding may not question the sufficiency

of evidence necessary to sustain the charge of larceny by trick. There was no trial; relator pleaded guilty to the charge of the larceny of $1,310 by trick and artifice and we may assume that the sentencing judge was satisfied that the facts justified an acceptance of the plea to the charge. Even after the trial of a defendant before a jury the question of the sufficiency of the evidence to support his conviction cannot be raised on habeas corpus. *Com. ex rel. Marelia v. Burke*, 366 Pa. 124, 75 A. 2d 593. Relator does not contend that his plea was not voluntarily and understandingly entered. Finally, there is no merit in appellant's complaint that the charge of receiving stolen goods was improperly joined with that of larceny by trick in a second count of the indictment. Appellant's petition for parole filed by him on March 11, 1954, admits that the automobile which he sold for $1,310 did not belong to him and in his brief he admits that the automobile and the certificate of title were in his possession illegally. Section 24 of the Act of March 31, 1860, P. L. 427, 19 PS §411 specifically authorizes the joining, in one indictment, a count for receiving stolen goods with a count charging felonious stealing of property. Relator's plea to both charges had the same effect as a general verdict of guilty after trial on an indictment containing charges similarly joined. And even if the crimes in the present case relate to the same property, which is doubtful, the sentence is not invalid on that account. A general sentence on an indictment is good if there is one count in the indictment which will sustain it. *Commonwealth v. Pearlman*, 126 Pa. Superior Ct. 461, 470, 191 A. 365.

We must disregard relator's attack in his brief in this appeal on the legality of the sentence imposed on Bill 437 since, as above noted, he had discontinued the separate appeal taken by him on that Bill.

Order affirmed.