Scasserra, Appellant, *v.* Commonwealth.

Submitted September 28, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Philip Scasserra,* appellant, in propria persona.

*Huette F. Dowling,* District Attorney, and *Richard D. Walker,* Assistant District Attorney, for appellee.

OPINION PER CURIAM, November 16, 1955:

Some of the background of appellant's repeated attempts[1] to escape service of his sentences may be found in prior appeals to this Court. See *Com. ex rel. Scasserra v. Keenan,* 175 Pa. Superior Ct. 636, 106 A. 2d 843; *Com. ex rel. Scasserra v. Keenan,* 175 Pa. Supe-

---

[1] Appellant has filed eight petitions in Dauphin County relative to sentence at No. 6, September Sessions, 1951, in the Court of Oyer and Terminer; he has filed six appeals to the Superior Court from the orders of the Dauphin County Court. Other habeas corpus proceedings were instituted by this appellant in other counties.

rior Ct. 443, 106 A. 2d 842; *Com. ex rel. Scasserra v. Maroney*, 179 Pa. Superior Ct. 150, 115 A. 2d 912.

Appellant has appealed from the orders of the Court of Oyer and Terminer of Dauphin County dismissing two petitions: (1) Petition for credit of jail time on sentence at No. 6, September Sessions, 1951 (No. 6, March Term, 1956); (2) petition for correction of date of computation of sentence at No. 6, September Sessions, 1951 (No. 7, March Term, 1956). Each of these petitions was filed at the original number and term to which bill of indictment, charging burglary,[2] appellant, being represented by counsel, pleaded guilty on August 4, 1952. On that day he was sentenced by the court to serve a term of not less than two years nor more than four years in the Eastern State Penitentiary; said sentence to commence and be computed from the expiration of the sentence appellant was then serving in the Allegheny County Workhouse.

Appellant's present contention is that his sentence at No. 6, September Sessions, 1951, should begin and be computed from July 26, 1951, and that he is entitled to credit on such sentence from the time he had been incarcerated subsequent to that date.

Appellant relies on the Act of May 28, 1937, P. L. 1036, §§1, 2, 19 PS §§894, 895, which provides as follows:

"Section 1. . . . That from and after the passage of this act, all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and

[2] The grand jury of Dauphin County, on September 17, 1951, indicted appellant on five charges including the charge of burglary, at No. 6, September Sessions, 1951. It appears from the record that information was lodged against appellant on July 26, 1951, and that the return was as follows: "Defendant confined in the Allegheny County Prison awaiting trial."

be computed from the date of commitment for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment under a sentence imposed for any other offense or offenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct.

"Section 2. The date of commitment referred to in section one of this act, shall be the date of the last commitment for the offense for which the sentence is imposed."

Appellant waived extradition from the State of New York to the Commonwealth of Pennsylvania, and on July 25, 1951, he was being transported from the State of New York to Butler County to answer charges of larceny and conspiracy. From July 26, 1951, until July 31, 1951, he was held at the Butler State Police Barracks, and then transferred to Allegheny County. In Allegheny County he entered a plea of guilty on August 16, 1951 (No. 128, June Sessions, 1951) to charges of burglary, larceny, and receiving stolen goods. He was sentenced to imprisonment in the Allegheny County Workhouse for a term of three to six years to begin and be computed from July 31, 1951. Sentences on subsequent convictions were to run concurrently with sentence imposed at No. 128, June Sessions, 1951. On May 18, 1954, appellant began to serve the sentence imposed at No. 6, September Sessions, 1951, by the Court of Oyer and Terminer of Dauphin County on August 4, 1952.

The charges against appellant originated in Butler County. He was detained en route at Harrisburg on July 25, 1951. Appellant now argues that his detention at the Harrisburg State Police Barracks consti-

tuted "the last commitment" within the meaning of section 2 of the Act of May 28, 1937, P. L. 1036, 19 PS §895, and that therefore he was entitled to credit for the time of actual imprisonment from July 26, 1951, to August 4, 1952, when sentence was imposed at No. 6, September Sessions, 1951.

In the opinion of the court below, Judge KREIDER has adequately disposed of appellant's contentions:

"In Com. ex rel. Accobacco v. Burke, 162 Pa. Superior Ct. 592 (1948) the Court at page 597 construed the term 'last commitment' to mean '. . . that commitment which marks the commencement of the last period of actual imprisonment immediately preceding imposition of final sentence . . .' Adopting this view, together with the plain intent of Section 1 of the statute that no time shall be credited where the person is undergoing imprisonment under other sentences at the time sentence is imposed, it is obvious that petitioner's contention has no merit and no credit for time is due or recomputation of sentence required. There was no actual imprisonment immediately preceding the sentence of this court that was attributable to the crime for which he was sentenced in Dauphin County on August 4, 1952."

Orders are affirmed.