Commonwealth ex rel. Scasserra, Appellant, *v.* Baldi.

177

Submitted November 15, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Philip Scasserra,* appellant, in propria persona.

*Clark H. Painter,* for appellee.

OPINION PER CURIAM, January 17, 1956:

In his petition for writ of habeas corpus filed in the Court of Common Pleas of Butler County on February 1, 1955, relator alleged that he unwittingly pleaded guilty on August 31, 1951, to a bill of indictment at No. 48, September Sessions, 1951, in the Court of Quarter Sessions of Butler County, charging larceny; and that he was being illegally detained in the State Penitentiary at Rockview by reason of a sentence by that court for a term of not less than three years nor more than six years.

This petition, like many others filed by this relator, is without merit. Moreover, when relator filed his pe-

tition he must have known that he was not confined by virtue of the sentence imposed in Butler County, but that he was serving a sentence of not less than two years nor more than four years at No. 6, September Sessions, 1951, imposed by the Court of Oyer and Terminer of Dauphin County. *Scasserra v. Com.,* 180 Pa. Superior Ct. 16, 118 A. 2d 246.

The sentence at No. 6, September Sessions, 1951, imposed on August 4, 1952, was to be served in the Eastern State Penitentiary, and was to commence and be computed from the expiration of the sentence relator was then serving in the Allegheny County Workhouse.

On March 10, 1954, the Governor of the Commonwealth of Pennsylvania commuted the minimum sentences imposed by the courts of Allegheny and Butler Counties, which relator was serving in the Allegheny County Workhouse, including the sentence at No. 48, September Sessions, 1951.

The Pennsylvania Board of Parole, on May 12, 1954, granted relator a parole on such sentences to begin service of the sentence imposed at No. 6, September Sessions, 1951, by the Court of Oyer and Terminer of Dauphin County, said parole being effective May 18, 1954. After release from the Allegheny County Workhouse, relator was transferred on August 27, 1954, to the State Penitentiary at Rockview where he is still confined and serving sentence at No. 6, September Sessions, 1951.

In accordance with an opinion of this Court, in *Com. ex rel. Scasserra v. Keenan,* 175 Pa. Superior Ct. 443, 106 A. 2d 842, the sentence at No. 48, September Sessions, 1951, in the Court of Quarter Sessions of Butler County, was corrected on May 4, 1955, by reducing the term thereof to not less than two and one-half years nor more than five years.

As to relator's complaint that he entered a plea of guilty to the charge of larceny, which he now alleges had not been committed, it is to be noted that attempted larceny is indictable or punishable on an indictment charging the consummated offense. See Act of June 24, 1939, P. L. 872, §1107, 18 PS §5107; *Com. ex rel. Swisher v. Ashe,* 145 Pa. Superior Ct. 454, 459, 21 A. 2d 479. Hence, at no stage of the proceeding could there have been any advantage to relator even though the property (automobile) described in the bill of indictment was not actually taken, the larceny having been only attempted but not completed.

Order is affirmed.