Commonwealth ex rel. Scasserra, Appellant, *v.* Baldi.

Submitted March 12, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Philip Scasserra,* appellant, in propria persona.

*Huette F. Dowling,* District Attorney, *Frank P. Lawley, Jr.,* Deputy Attorney General, and *Herbert B. Cohen,* Attorney General, for appellee.

OPINION PER CURIAM, April 11, 1956:

Appellant has appealed from an order of the Court of Common Pleas of Dauphin County dismissing his complaint in mandamus to which the Attorney General of the Commonwealth filed a preliminary objection in the nature of a demurrer. Appellant's contention is that he was automatically paroled by the action of the Governor of the Commonwealth of Pennsylvania and the Board of Pardons when his minimum sentence to the Allegheny County Workhouse was commuted as follows: "Bill No. 128 June Sessions 1951, Allegheny County from a minimum term of 3 years to a new minimum term of 2 years, 8 months, expiring March 31, 1954 . . ."

Appellant had been sentenced to the Allegheny County Workhouse for a term of not less than three years nor more than six years to be computed from July 31, 1951. See *Com. ex rel. Scasserra v. Keenan,* 175 Pa. Superior Ct. 636, 638, 106 A. 2d 843.

The Pennsylvania Board of Parole on May 12, 1954, granted relator a parole effective May 18, 1954. See *Com. ex rel. Scasserra v. Baldi,* 180 Pa. Superior Ct. 176, 178, 119 A. 2d 611.

A sentence imposed by the Court of Oyer and Terminer of Dauphin County on August 4, 1952, at No. 6, September Sessions, 1951, was directed to commence and be computed from the expiration of the sentence

relator was then serving in the Allegheny County Workhouse. The argument of appellant is that this sentence should be computed from March 31, 1954, rather than from the effective date of the parole of May 18, 1954, and that the Board of Parole should be directed to correct the date of commencement.

The court below, in an opinion by Judge KREIDER, properly disposed of appellant's contention as follows: "A succinct answer to petitioner's contention is found in the case of Com. ex rel. Lynch v. Ashe, 320 Pa. 341 (1936), 182 A. 229, at page 344. 'Prisoners are not automatically paroled at the expiration of their minimum sentence. They are merely eligible for parole at that time.' A further clarification of the nature and effect of a minimum sentence is found in the case of Com. v. Kalck, Aplnt., 239 Pa. 533 (1913), at page 541. There the Supreme Court quotes with approval the language of President Judge SULZBERGER of Philadelphia County in Com. ex rel. Bates v. McKenty, 52 Pa. Superior Ct. 332 (1912), as follows: ' "Assuming, as we do, for the purpose of interpreting the statute (speaking of the Act of June 19, 1911, P. L. 1055) that it is constitutional, it necessarily follows that the maximum sentence is the only portion of the sentence which has legal validity, and that the minimum sentence is merely an administrative notice by the court to the executive department, calling attention to the legislative policy that when a man's so-called minimum sentence is about to expire, the question of grace and mercy ought to be considered and the propriety of granting a qualified pardon be determined." ' See also Com. ex rel. Carmelo v. Smith, 347 Pa. 495, 496 (1943). The parole procedure today is such that upon expiration of the so-called minimum term of a prisoner, he is mailed an application for parole by the Parole Board and in the proper case parole will be granted *effective*

as of some subsequent date. This procedure has been followed in the instant case. The *effective date* of parole of petitioner for the purpose of computing the commencement and expiration of his sentence imposed by this court is May 18, 1954. Consequently, the petitioner has not stated a valid cause for the issuance of a writ of mandamus." See, also, section 1 of the Act of August 6, 1941, P. L. 861, as amended, 61 PS §331.21; *Goodman v. Meade,* 162 Pa. Superior Ct. 587, 60 A. 2d 577.

Order of the court below is affirmed.