## Commonwealth v. Kehl

*Thomas E. Mack*, District Attorney and *Robert Hourigan*, First Assistant District Attorney, for Commonwealth.

PINOLA, P. J., March 24, 1966.—We have for consideration the petition of defendant under the provisions of the new Post Conviction Hearing Act, approved January 25, 1966.

He complains that on February 17, 1965, the writer sentenced him to confinement in the penitentiary at Graterford for a minimum period of two years and a maximum of five years, which sentence was to run concurrently with one imposed by Judge Brominski of this court, on July 13, 1964, for the same period.

He is correct when he declares that at the time of sentence, the writer assured him the sentence could and would run concurrently. However, it now develops that it does not and cannot.

At the time, we stated (N. T. 21) :

"So that there will be no misunderstanding and for your protection, these pleas are accepted and the sentence imposed will be such that in our judgment and both of your counsel and the members of the District Attorney's staff . . . these sentences can run concurrently and they will begin when your parole period expires. . . . Do you understand? The sentence by Judge Brominski has not started yet,—the sentence of last April —and cannot start until the period for which you are paroled (has ended). Do you understand that"?

Defendant's answer: "Yes, sir".

We added:

"I will word it so that these sentences will begin at the same time so that there is really no added time to your imprisonment so far as we are concerned".

As a general rule, the court is without power either to increase or reduce the punishment imposed after the term in which one convicted of crime has been sentenced: Commonwealth v. Mackley, 175 Pa. Superior Ct. 304, affirmed 380 Pa. 70.

However, where the sentence imposed is illegal, a correction can be had by the imposition of a legal sentence to conform with the law: Commonwealth ex rel. Scasserra v. Keenan, 175 Pa. Superior Ct. 443.

We believe that a sentence imposed in violation of a promise of the court can and should likewise be corrected at any time. For this, we have precedent.

In People v. Antonelli, 156 N. Y. S. 2d 710, on November 22, 1937, the court promised that if defendant pleaded guilty to receiving stolen goods, he would receive a sentence of not more than 10 years. However, he imposed a sentence of not less than four and not more

than 20 years. The sentencing judge, on November 7, 1956, held that the motion for resentence must be granted. He relied upon another case, People v. Farina, 154 N. Y. S. 2d 501. In that case, defendant pleaded guilty to burglary, in reliance on the court's promise that he would receive a sentence of 10 to 20 years. The judge sentenced him to a term of 14 to 20 years. He made an application in the nature of a writ of error coram nobis to vacate the judgment. He wanted to withdraw the plea, but the court simply resentenced, saying:

"Such a result, whether caused by inadvertence or design, is inconsistent with due process of law, and the conviction cannot stand". (Citing People v. Sullivan, 96 N. Y. S. 2d 266, and People v. Strecker, 111 N. Y. S. 2d 766).

Accordingly, we enter the following

ORDER

It is ordered that the sheriff bring Robert E. Kehl, defendant, from the State Correctional Institution at Graterford to court room no. 1 on Thursday, March 31, 1966, at 11 a.m., so that the sentence may be vacated and a legal sentence imposed.