Alexander Blackwell, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole and Mr. Mahlon King, Records Officer and Joseph Bowers, K 3225 and Kenneth James Dixon, K 3031 and John M. Ratchford, K 2114, Respondents.

Submitted on briefs, November 16, 1977, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt.

*Joseph P. Semasek,* for petitioner.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondents.

OPINION BY PRESIDENT JUDGE BOWMAN, June 9, 1978:

By our Order of December 16, 1976, the petition for writ of mandamus of Alexander Blackwell, Jr. (petitioner) was treated and acted upon as a petition for review addressed to our original jurisdiction under Section 401 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.401.

The record before us consists of the aforementioned petition for review, respondents' answer thereto with new matter, including a certificate of the Chairman of the Pennsylvania Board of Probation and Parole (Board), Section 8 of the Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331.8, to which new matter no reply was filed. The Board then filed a motion for summary judgment.

An examination of the record reveals no "genuine issue as to any material fact" and as we are of the view that "the moving party [*i.e.*, the Board] is entitled to a judgment as a matter of law," Pa. R.C.P. No. 1035, we shall grant summary judgment in favor of respondents.

On June 8, 1976, petitioner was sentenced by the Court of Common Pleas of Schuylkill County as follows: No. 757-1, November Term, 1975, one to two years to be served at the State Correctional Institution at Rockview (Rockview); No. 1, January Term, 1976, six months to one year, to be served at Rockview consecutively with No. 757-1; No. 2, January Term, 1976, six months to one year, to be served at Rockview consecutively with No. 1; No. 3, January Term, 1976, six months to one year to be served at Rockview concurrently with the above. With credit for time served, Pa. R. Crim. P. 1406(b), the effective date of said sentences was November 8, 1975.

The Clerk of Court of Schuylkill County, in an order of commitment, treated said sentences as an aggregated sentence of two to four years, *i.e.*, the total of the minimum and maximum sentences, as did the Bureau of Correction, Department of Justice.

By this action, petitioner asserts that said aggregation was unlawful and argues that at the end of one year, *i.e.*, the minimum sentence at No. 757-1, he became eligible for parole. The Board argues that petitioner's minimum sentence was two years[1] and that it could not consider petitioner for release on parole until said minimum was served.[2]

A minimum sentence is significant for determining eligibility for parole and it serves to notify the Board as to when it may exercise its discretion to parole a prisoner. *Commonwealth v. Butler,* 458 Pa. 289, 328 A.2d 851 (1974) ; *Commonwealth ex rel. Scasserra v. Baldi,* 180 Pa. Superior Ct. 635, 121 A.2d 899 (1956).[3] Parole is not, of course, automatically granted at that time. *Commonwealth ex rel., Appellant v. Ashe,* 320 Pa. 341, 182 A. 229 (1936).

Whether it is the Board or the trial court which has jurisdiction to grant parole is determined in accordance with the provisions of Section 17 of the Act

---

[1] Petitioner was in fact, paroled, shortly after serving two years and while these proceedings were pending. We deem this action not moot, however, because as will be discussed, there remains open the question of whether the Board retains jurisdiction over petitioner.

[2] We express our gratitude to counsel for respondents in calling to our attention a conflict among trial judges as to their power to aggregate sentences.

[3] Section 21 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. §331.21, provides in pertinent part :

The power to parole herein granted to the Board of Parole may not be exercised . . . at any time before, but only after, the expiration of the minimum term of imprisonment fixed by the court in its sentence or by the Pardon Board in a sentence which has been reduced by commutation. . . .

of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §331. 17, which, in pertinent part, provides:

The board shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided. . . . [T]he board shall have exclusive power to supervise any person hereafter placed on parole (when sentenced to a maximum period of less than two years) by any judge of a court having criminal jurisdiction, when the court may by special order direct supervision by the board, in which case the parole case shall be known as a special case and the authority of the board with regard thereto shall be the same as herein provided with regard to parole cases within one of the classifications above set forth: Provided, however, That, except for such special cases, the powers and duties herein conferred shall not extend to persons sentenced for a maximum period of less than two years, and nothing herein contained shall prevent any court of this Commonwealth from paroling any person sentenced by it for a maximum period of less than two years. . . .

The significance of the maximum sentence in the context of these proceedings lies in the fact that only that sentence at No. 757-1 provides a maximum of two years or more and, as there is no "special order" as provided in Section 17, if petitioner is correct, it was over only that sentence that the Board had juris-

36 

diction. *See Commonwealth ex rel. Johnson v. Book-binder,* 213 Pa. Superior Ct. 335, 247 A.2d 644 (1968). We must, therefore, determine both petitioner's minimum and maximum sentences.

The Act of June 25, 1937, P.L. 2093, 19 P.S. §897 provides:

> Whenever, after the effective date of this act, two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences.

Prior to the passage of this Act there was no authority by which a sentencing judge could aggregate sentences simultaneously imposed. *Kinsella v. Board of Trustees,* 340 Pa. 497, 17 A.2d 882 (1941); *Commonwealth ex rel. Tiscio v. Burke,* 173 Pa. Superior Ct. 350, 98 A.2d 760 (1953) (allocatur denied); *Commonwealth ex rel. Brubaker v. Salzinger,* 82 Dauph. 168 (1964); *Ambrek v. Clark,* 287 F. Supp. 208 (E.D. Pa. 1968); *see Commonwealth ex rel. Spader v. Myers,* 196 Pa. Superior Ct. 23, 173 A.2d 669 (1961) (allocatur denied); *Commonwealth ex rel. Tiscio v. Martin,* 180 Pa. Superior Ct. 462, 120 A.2d 307, *cert. denied,* 352 U.S. 856 (1956). Its clear purpose was to provide legislative authority for computing together, for parole purposes, all consecutive sentences simultaneously imposed. *Commonwealth ex rel. Lycett v. Ashe,* 145 Pa. Superior Ct. 26, 20 A.2d 881 (1941).

In 1973, the Act of 1937 was suspended by Pa. R. Crim. P. 1415(c) as being inconsistent with Pa. R. Crim. P. 1406, subsection (b) of which, as originally promulgated, read:

(b) Whenever two or more sentences are imposed on a defendant to run consecutively, there shall be deemed to be imposed upon such defendant, unless otherwise stated by the judge, a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences.

By this provision, there was injected into the process of aggregating sentences an element of discretion lacking under the Act of 1937.

In 1974, Chapter 13 of the Crimes Code, 18 Pa. C.S.§1301 et seq. was amended by, *inter alia*, the addition of 18 Pa. C.S. §1357 which provides:

Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentences shall not exceed one-half of the maximum sentence imposed.

Referring to 18 Pa. C.S. §1357, the draftsmen's comment to Pa. R. Crim P. 1406 now reads: "The 1974 amendment deleted the original second paragraph of this Rule, dealing with the simultaneous imposition of two or more sentences. This matter is now the subject of . . . 18 Pa. C.S. §1357."

Thus, when petitioner was sentenced, the judge should have "indicated" an effective minimum sentence and thereby establish a date upon which petitioner would be eligible for parole. This he failed to do specifically. We are of the view, however, that by necessary implication, the sentences were aggre-

gated and there was imposed upon petitioner a sentence the minimum of which was two years and the maximum of which was four years.

All sentences were, by order of the sentencing judge, to be served at Rockview. Rockview is a state correctional institution under the jurisdiction of the Department of Justice, Bureau of Correction. Section 911 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §301. Under 18 Pa. C.S. §1362, the sentencing judge had no power to designate the particular institution to which petitioner would be committed but, by designating a state as opposed to a county institution, and it appearing that there was not in effect at the time a proclamation of the Governor under 18 Pa. C.S. §1362 (3), we conclude that there was demonstrated ample intent to aggregate the minimum sentences and that 18 Pa. C.S. §1357 has been satisfied. A contrary conclusion would require us to find that the sentences for six months to one year were unlawful as petitioner could not have been committed to a state correctional institution for service thereof. 18 Pa. C.S. §1362.

Our review of the applicable statutory law likewise compels us to conclude that petitioner's maximum sentences are also aggregated so that for the balance of the four year term he shall remain under the jurisdiction of the Board. The Act of 1937 was merely *suspended* by Pa. R. Crim. P. 1415(c). When Pa. R. Crim. P. 1406(b), as originally promulgated, was deleted in 1974 and 18 Pa. C.S. §1357 was enacted, there resulted a gap with regard to maximum sentences as no mention thereof is made in 18 Pa. C.S. §1357. We conclude, therefore, that in 1974, the Act of 1937, insofar as it results in an aggregation of maximum sentences was revived. SUTHERLAND STATUTORY CONSTRUCTION, §23.30 (1972).

ORDER

Now, June 9, 1978, respondents' motion for summary judgment is hereby granted and judgment is entered in favor of respondents.