Albert C. Wilson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Bureau of Corrections et al., Respondents.

Submitted on briefs January 2, 1985, to President Judge CRUMLISH, Judge COLINS and Senior Judge BLATT, sitting as a panel of three.

*Albert C. Wilson,* petitioner, for himself.

*Francis R. Filipi,* Deputy Attorney General, with him, *Allen C. Warshaw,* Senior Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

MEMORANDUM OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 12, 1985:

Albert C. Wilson, proceeding pro se in our original jurisdiction,[1] challenges the aggregation of his two consecutive sentences by the Pennsylvania Bureau of Corrections (Bureau). This Court ordered that Wilson's petition for a preliminary and/or permanent injunction and/or writ of mandamus be treated as a motion for judgment on the pleadings. We enter judgment on the pleadings in favor of the Bureau.[2]

On January 6, 1978, Wilson was sentenced to serve two consecutive terms by the Philadelphia County Common Pleas Court. The first sentence was for five to ten years, and the second was for ten to twenty years. Upon the expiration of the five-year minimum term for the first sentence, Wilson requested consideration for parole. He was informed that the two sentences had been aggregated into one fifteen- to

---

[1] Because Wilson only challenges the legality of the aggregation of his two sentences by the Bureau, a state agency, we have original jurisdiction under 42 Pa. C.S. §761(a).

[2] Judgment on the pleadings may be entered against the party making the motion. *Ruska v. Philadelphia Life Insurance Co.,* 412 Pa. 418, 195 A.2d 93 (1963).

thirty-year sentence by the Bureau's institutional records office, thus precluding parole until he had served the aggregated minimum term.

After unsuccessfully pursuing his formal complaint through the proper channels with the Bureau, Wilson filed a petition for review with this Court.

Wilson's major contention is that the Bureau improperly aggregated his sentences.[3]

In *Blackwell v. Pennsylvania Board of Probation and Parole*, 36 Pa. Commonwealth Ct. 31, 387 A.2d 506 (1978), this Court interpreted the statutory language which controls this case.[4] In line with our holding in *Blackwell*, the Judge who sentenced Wilson "should have 'indicated' an effective minimum sentence [for the total of all offenses] and thereby [have] estab-

---

[3] When overruling the Bureau's preliminary objections, this Court (by Judge PALLADINO) held that if "the Bureau is the entity which aggregated the two sentences, then it acted without authority" because "only the sentencing court is conferred with the authority to aggregate consecutive sentences under 42 Pa. C. S. §9757." *Wilson v. Pennsylvania Bureau of Corrections*, 85 Pa. Commonwealth Ct. 32, 35, 35 n. 3, 480 A.2d 392, 394, 394 n. 3 (1984).

Wilson also contends that this Court erred by allowing the Bureau's answer to his petition for review because Pa. R.A.P. 1516(a) foreclosed further pleadings by the Bureau after dismissal of its preliminary objections. We hold that this contention is meritless because Pa. R.A.P. 1516(a) lists among the "pleadings on petition for review" both "an answer" and "a preliminary objection." *See* Pa. R.C.P. No. 1028(d).

[4] The Court in *Blackwell* interpreted 18 Pa. C.S. §1357, which was transferred to 42 Pa. C.S. §9757 by Section 401(a) of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693. 42 Pa. C.S. §9757 provides:

Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, *the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed.* Such minimum sentence shall not exceed one-half of the maximum sentence imposed. (Emphasis added.)

lish[ed] a date upon which [Wilson] would be eligible for parole.'' *Id.* at 37, 387 A.2d at 509. It does not appear from the  pleadings that he specifically did so.

Nonetheless, we hold that, by necessary implication, the sentences were aggregated by the sentencing court. Wilson's request, upon the expiration of the minimum term for his first sentence, was for "constructive parole'' which theoretically would have allowed him to serve the parole time for his lesser charge while still in jail on the greater charge, thereby reducing the amount of time he would be required to spend under the supervision of the Pennsylvania Board of Probation and Parole. However, we held in *Blackwell* that, under Section 1 of the Act of June 25, 1937 (Act of 1937), P.L. 2093, *as amended,*[5] Wilson's  maximum terms must be aggregated.[6] This

---

[5] Formerly 19 P.S. §897, suspended by Pa. Rule Crim. P. 1415(c), which provides:

Whenever, after the effective date of this act, two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of crime therein, *there shall be deemed to be imposed upon such person a sentence* the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and *the maximum of which shall be the total of the maximum limits of such sentences.* (Emphasis added.)

[6] This Court held that:

The Act of 1937 was merely *suspended* by Pa. R. Crim. P. 1415(c). When Pa. R. Crim. P. 1406(b), as originally promulgated, was deleted in 1974 and 18 Pa. C.S. §1357 was enacted, there resulted a gap with regard to maximum sentences as no mention thereof is made in 18 Pa. C.S. §1357. We conclude, therefore, that in 1974, the Act of 1937, insofar as it results in an aggregation of maximum sentences was revived. (Emphasis in original.)

*Blackwell*, 36 Pa. Commonwealth Ct. at 38, 387 A.2d at 509. Although this Court cited the Act of 1937 as *"repealed* by Pa. R. Crim. P. 1415" in *Ray v. Howard*, 39 Pa. Commonwealth Ct. 559, 562, 395

requisite aggregation of Wilson's maximum terms[7] means that Wilson may not escape the supervision of the Parole Board until his entire aggregated maximum term has run, thus rendering his request for constructive parole meaningless and creating a de facto aggregation of his minimum terms.

We hold that the Bureau did not improperly aggregate Wilson's sentences.

Judgment for the Bureau.

ORDER

Judgment on the pleadings is entered in favor of the Pennsylvania Bureau of Corrections.

Judge WILLIAMS, JR., did not participate in the decision in this case.

---

A.2d 1038, 1040 (1979) (emphasis added), we hold that the *Ray* Court intended to say that the Act of 1937 was "suspended" in light of that Court's undistinguished citation of *Cunningham v. Pennsylvania Board of Probation and Parole*, 39 Pa. Commonwealth Ct. 229, 230, 394 A.2d 1315, 1316 (1978), which used the word suspended.

[7] Although the Act of 1937 was ultimately repealed by Section 2(a) of the Act of April 28, 1978, P.L. 202, Wilson was sentenced before the June 27, 1978 effective date of this Act.