Sidney Hamlin, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole and State Correctional Institution at Pittsburgh-Records Department, Respondents.

Submitted on briefs July 16, 1985, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Sidney Hamlin,* petitioner, for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondents.

OPINION BY JUDGE COLINS, October 22, 1985:

Sidney Hamlin (petitioner) has filed a Complaint in Mandamus against the Pennsylvania Board of Probation and Parole and the State Correctional Institution at Pittsburgh-Records Department (Respondents). Cross-motions for summary judgment have been filed, and the issues have been submitted on briefs.

Petitioner maintains that the undisputed facts show that he was, and is, being subjected to incarceration because the respondents acted improperly and without authority in aggregating petitioner's sentences. Petitioner alleges that his maximum sentence expiration date should have been July 9, 1985, and not the June 9, 1987, date given by the respondents. We disagree and will enter judgment for the respondents.

On December 17, 1980, petitioner was convicted of various offenses in the Court of Common Pleas of Allegheny County before the Honorable THOMAS HARPER. Judge HARPER imposed consecutive sentences of 11½ months to 23 months and 1½ years to 5 years. These sentences were aggregated by the respondents into one sentence of 2 years, 5 months, 15 days to 6 years, 11 months.

Petitioner, after serving the minimum sentence of 2 years, 5 months and 15 days, was paroled on December 24, 1982. At this time, petitioner was informed by the respondents that his maximum sentence date was June 9, 1987, and that petitioner still had to serve 4 years and 5 months, 15 days on parole.

Petitioner was arrested on new charges on February 2, 1984, and was eventually found not guilty. Prior to his trial, petitioner was informed by the respon-

dents that he was being recommitted as a technical parole violator to serve thirty (30) months back time. Additionally, petitioner was informed that his reparole date would be August 2, 1986, and maximum sentence date would be June 9, 1987.

Prior to 1937, there was no legislative authority for aggregating consecutive sentences for parole purposes. It was the custom of prison authorities to lump together the minimum sentences and the maximum sentences and to consider them for parole purposes as one lumped minimum and one lumped maximum. This was held illegal in *Commonwealth v. Ashe*, 320 Pa. 341, 182 A. 229 (1936).

The Act of June 25, 1937, changed this and gave statutory authority for aggregating consecutive sentences to the trial court, and provided for the service of full maximum terms imposed by consecutive sentences if the petitioner committed a crime while released on parole. The constitutionality of the statute was upheld in *Commonwealth ex rel. Lycett v. Ashe*, 145 Pa. Superior Ct. 26, 20 A.2d 881 (1941).

Section 1357 of the Crimes Code, 42 Pa. C. S. §9757, imposes on the court the duty of determining the minimum sentence when there are consecutive sentences. Nothing was said concerning the aggregation of sentences. In *Blackwell v. Pennsylvania Board of Probation and Parole*, 36 Pa. Commonwealth Ct. 31, 387 A.2d 506 (1978), the court concluded that as to the aggregation of maximum sentences, the Act of 1937 is revived. Therefore, the aggregation of petitioner's maximum terms was proper.

There are no allegations in petitioner's complaint that could establish any actionable cause against the State Correctional Institution at Pittsburgh-Records Department.

Accordingly, we grant the respondents' motion for summary judgment.

### ORDER

AND NOW, this 22nd day of October, 1985, the motion for summary judgment of respondents, Pennsylvania Board of Probation and Parole and the State Correctional Institution at Pittsburgh-Records Department, is granted and the motion for summary judgment of petitioner, Sidney Hamlin, is denied.