534 A.2d 1095

**COMMONWEALTH of Pennsylvania**

v.

**Joseph WARD, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted April 6, 1987.

Filed Dec. 11, 1987.

Petition for Allowance of Appeal Granted
June 1, 1988.

Robert G. Teeter, Gettysburg, for appellant.

Stuart B. Suss, Assistant District Attorney, West Chester, for Com., appellee.

Before KELLY, POPOVICH and WATKINS, JJ.

WATKINS, Judge.

This case comes to us on appeal from the Court of Common Pleas of Adams County and involves defendant-appellant's appeal from the sentences imposed upon him as the result of convictions for robbery and burglary.

The incident from which the conviction arose occurred on December 21, 1983 when the victim returned to her home and discovered that it had been ransacked. Upon entry to the premises, she was pulled aside by the appellant's accomplice and directed to the dining room where she was asked for money. The accomplice then pulled her purse from her shoulder and directed her to the second floor where she observed the appellant. The accomplice then pulled the telephone receptacle from the wall and ordered the victim under her bed.

Sometime later, the victim, believing the intruders had departed, exited the bedroom where she confronted the accomplice who pointed a gun at her, ordered her back to the bedroom where she was instructed to remove her clothing and to get back under the bed. The intruders left shortly thereafter.

The defendant was convicted by a jury of various counts of burglary and robbery, theft by unlawful taking and criminal conspiracy. On November 9, 1984, the appellant was sentenced to two and one-half to twelve and one-half (2 & ½ to 12 & ½) years on the burglary conviction and two and one-half to fifteen (2 & ½ to 15) years on the robbery conviction. The sentencing court provided that the robbery sentence should commence at the expiration of the minimum sentence imposed for the burglary conviction which rendered the sentence partially consecutive and partially concurrent.

Appellant appealed the robbery sentence to the Superior Court. This Court found that the robbery sentence exceeded the statutory maximum sentence and remanded the case to the sentencing court for a correction of the sentence and for a statement of rationale for the sentence. See *Commonwealth v. Ward*, 352 Pa.Superior Ct. 620, 505 A.2d 1037 (1985). On December 13, 1985, the sentencing court resentenced the appellant on the robbery conviction imposing a sentence of two and one-half to ten (2 & ½ to 10) years. The order provided that the effective date of the robbery sentence would be the expiration of the minimum sentence imposed on the burglary conviction that is at the end of two and one-half years. The court further ordered that the effect of the sentence for both offenses was to impose an imprisonment term of not less than five (5) years nor more than twelve and one-half (12 & ½) years. Thus, the sentence was made partially consecutive and partially concurrent.

Shortly before the Superior Court remanded the robbery sentence, appellant filed a P.C.H.A. petition in which he alleged, inter alia, that the sentence was illegal. After the re-sentencing on the robbery conviction, the appellant filed a Motion to Modify Sentence alleging that the sentencing court abused its discretion by imposing a sentence in excess of sentencing guidelines for the robbery and by imposing consecutive minimum terms for the burglary and robbery.

The proceedings on the P.C.H.A. Petition and Motion to Modify Sentence were consolidated for hearing.

Appellant raises three issues in this appeal:

1. Did the Sentencing Court abuse its discretion by imposing a sentence in excess of the Sentencing Guidelines?

2. Did the Sentencing Court abuse its discretion by imposing consecutive minimum sentences for burglary and robbery?

3. Can the Sentencing Court impose a partially concurrent and partially consecutive sentence under Section 9757 of the Sentencing Code (42 Pa.C.S.A. 9757)?

█ Appellant's first and second arguments are without merit.[1] The sentence of two and one-half to ten years for the robbery conviction to be served consecutively with the sentence on the burglary conviction is proper under the circumstances of this case. Where no statutorily mandated sentence is implicated, trial judges in the Commonwealth are vested with broad discretion in sentencing and will not be reversed on appeal unless there is a clear abuse of discretion. *Commonwealth v. Rooney,* 296 Pa.Superior Ct. 288, 292, 442 A.2d 773, 774 (1982); *Commonwealth v. Hollerbush,* 298 Pa.Superior Ct. 397, 444 A.2d 1235 (1982). The facts in the instant case reveal that the victim's home was completely ransacked, that she was directed to lay underneath the bed while the assailants continued to rummage through her home and that she was again confronted by the assailants and threatened with a rifle. She was then told to undress and instructed to remain in the bedroom, under the bed, until they departed. At sentencing, it was also revealed that the appellant was on probation at the time he committed the instant crimes. During the sentencing colloquy, the sentencing court stated that he considered

1. Because this case arose prior to the decision in *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987), we have chosen to discuss the issues raised in appellant's brief regarding the discretionary aspect of the sentence despite the absence in appellant's brief of any mention of a "substantial question" that the sentence was not appropriate under the Sentencing Code.

the indignities perpetrated upon this female victim by the culprits as an aggravating circumstance which justified a sentence in excess of the sentencing guidelines. He also considered the fact that the appellant was on probation at the time of the offenses when he imposed sentence. Appellant attempts to argue that the court should have considered the fact that the perpetrators did not molest the female victim. Of course, this is reflected by the fact that they were not charged or convicted with any such offenses. The fact that the appellant did not participate in other crimes does not mitigate the above facts. Under these circumstances, we cannot find that the sentencing court abused its discretion in imposing the sentence that it did.

Appellant's third contention has merit. We agree with appellant's contention that a sentence which is partially consecutive and partially concurrent is not a valid sentence. While at first glance it might appear that a consecutive minimum sentence and a concurrent maximum sentence has no practical effect, we must point out that the minimum and maximum sentences may determine a convict's place of incarceration, his parole eligibility and the jurisdiction to grant parole. Further, Pa.R.Crim.Pro. 1406(b) adopted July 23, 1973, and effective ninety (90) days thereafter, provided as follows:

> (b) Whenever two or more sentences are imposed on a defendant to run consecutively, there shall be deemed to be imposed on such defendant, *unless otherwise stated by the judge,* a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentence.

This provisions would appear to grant the sentencing court the discretion to impose partially concurrent-partially consecutive sentences. Simultaneous to the adoption of this rule came the enactment of R.Crim.Proc. 1415(c), which suspended the Act of 1937, 19 Pa.C.S.A. 897, as inconsistent with Pa.R.Crim.Pro. 1406(b). However, 18 Pa.C.S.A. 1357, now found at 42 Pa.C.S.A. 9757, was enacted on December

30, 1974, and became effective on March 31, 1975. Said statute provided that:

§ **1357. Consecutive sentence of total confinement for multiple offenses.**

Whenever the court determines that a sentence should be served consecutively to one being then imposed by the court, or to one previously imposed, the court shall indicate the minimum sentence to be served for the total of all offenses with respect to which sentence is imposed. Such minimum sentence shall not excess one-half of the maximum sentence imposed.

Pa.R.Crim.Pro. 1406(b), which provided for discretion in the aggregation of consecutive sentences, was repealed on March 21, 1975, effective with the enactment of 18 Pa.C.S.A. § 1357 on March 31, 1975.

The current Comment to Pa.R.Crim.Pro. 1406 states: The 1974 (sic) amendment deleted the original second paragraph of this Rule, dealing with the simultaneous imposition of two or more sentences. This matter is now the subject of § 1357 of the Act of Dec. 30, 1974, P.L. 1052, 18 Pa.C.S. § 1357.

The Commonwealth Court of Pennsylvania has reached the following conclusion from its examination of this history of enactments and repeals:

The Act of 1937 (providing for automatic aggregation of consecutive sentences) was merely *suspended* by Pa.R. Crim.P. 1415(c). When Pa.R.Crim.P. 1406(b), as originally promulgated, was deleted in 1974 (sic) and 18 Pa.C.S. § 1356 was enacted, there resulted a gap with regard to maximum sentences as no mention thereof is made in 18 Pa.C.S. § 1357. We conclude, therefore, that in 1974, the Act of 1937, insofar as it results in an aggregation of maximum sentences was revived.

*Blackwell v. Commonwealth of Pennsylvania*, 36 Pa. Comwlth. 31, 38, 387 A.2d 506, 509 (1978).

*Blackwell* remains the law as it is understood by Commonwealth Court. *Hamlin v. Commonwealth of Pennsyl-*

*vania Board of Probation and Parole,* 92 Pa.Cmwlth. 349, 500 A.2d 499 (1985); *Wilson v. Commonwealth of Pennsylvania Bureau of Corrections,* 89 Pa.Cmwlth. 222, 492 A.2d 70 (1985). Additionally, this court has cited *Blackwell* with approval in concluding that consecutive sentences are aggregated as a matter of law, even if the sentencing judge does not explicitly state such to be his intent. *Commonwealth v. Bell,* 328 Pa.Superior Ct. 35, 476 A.2d 439 (1984). (Petition for Allowance of Appeal denied August 6, 1984).

The sentencing judge in the instant case imposed a sentence of two and one-half to twelve and one-half years for burglary. The robbery sentence was for two and one-half to ten years to commence at the expiration of the minimum sentence imposed for burglary. By that sentence, the trial judge was attempting to impose non-aggregating consecutive sentences. Had this sentence been imposed between July 23, 1973 and March 31, 1975 when the Act of 1937 was suspended and when Pa.R.Crim.Pro. 1406(b) gave the judge discretion whether or not to aggregate consecutive sentences, this would have been a lawful sentence. However, for the reasons previously stated, after March 31, 1975, all consecutive sentences are aggregated as a matter of law. The sentence imposed by the trial judge in the instant case is not a legal sentence, it being neither a consecutive sentence nor a concurrent sentence.

Order affirmed in part, reversed in part; sentence vacated; case remanded to the sentencing court for the imposition of consecutive maximum sentences in accordance with this opinion.

KELLY, J. files a concurring and dissenting statement.

POPOVICH, J. concurs in the result.

KELLY, Judge, concurring and dissenting:

I concur in the determination that the partially concurrent and partially consecutive sentences were improper. I do not believe, however, that we have the authority to direct

that consecutive maximum sentences be imposed upon remand. Rather, the sentencing court should be free to impose wholly concurrent or wholly consecutive sentences at its discretion. I would find that appellant's other challenges to the discretionary aspects of sentence have been rendered moot by our decision to vacate sentence and remand for re-sentencing.