J-A06045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD WHETHERS | : | |
| | : | |
| Appellant | : | No. 409 WDA 2020 |

Appeal from the Order Entered February 19, 2020
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0000677-1995

BEFORE: BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED: JULY 16, 2021**

Ronald Whethers (Appellant) appeals from the order entered in the Westmoreland County Court of Common Pleas dismissing his petition brought under the Post Conviction Relief Act (PCRA).[1]  He seeks time credit, and his petition is patently untimely.  We affirm.

The PCRA court provides the following summary:

[Appellant] pled guilty in [these] matters and was sentenced . . . on January 4, 2001, to an aggregate sentence of 15 to 30 years of incarceration.  [Appellant] was initially arrested . . . on January 12, 1995, and remained incarcerated at Westmoreland County Prison (WCP) until his state sentencing nearly six years later. While incarcerated at WCP, [Appellant] was indicted, tried and convicted in federal court on drug related charges, and sentenced on August 20, 1996, to imprisonment for a term of life. [Appellant's] state sentences run concurrently with his federal sentence, and did not award credit for pre-sentence time served.

_____

[1] 42 Pa.C.S. §§ 9541-9546.

On November 18, 2016, [Appellant's] federal sentence was reduced to 444 months' incarceration. On April 25, 2018, [Appellant] filed the pending [PCRA petition] seeking credit for his pre-sentence time served in WCP.

Order, 2/18/20, at 1. We observe that Appellant's judgment of sentence is silent as to time credit. **See** Judgment of Sentence, 1/4/01 (credit for time served box not ticked).

Under **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998), we may not grant relief under the PCRA unless Appellant has established an exception to the time bar. We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). We limit our review to the findings of the PCRA court and the evidence of record, and will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. **Id.** This Court may affirm a PCRA court's decision on any grounds if the record supports it. **Id.** We defer to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions; we review such determinations *de novo* and apply a plenary scope of review. **Commonwealth v. Colavita**, 993 A.2d 874, 886 (Pa. 2010).

Both parties agree that the present request for time credit is facially untimely, as it was filed many years after Appellant's judgment of sentence became final, one year after his sentence was imposed on January 4, 2001.

*See* Appellant's Brief at 7; Commonwealth's Brief at 9-10.[2] Appellant argues that he "actually did act timely post-conviction upon first learning of the reduction of his life sentence to a finite federal sentence" as he requested his time credit from prison officials and via letter to counsel on May 18, 2017, within a year of his November 18, 2016 re-imposition of sentence in federal court. Appellant's Brief at 8. Appellant encourages this Court to interpret these requests as a PCRA filing. *Id.* He further argues that the failure of prison officials and counsel to facilitate a formal PCRA filing upon receipt of Appellant's May 18th missives constitutes interference, thereby invoking the governmental interference exception to the time bar. *Id.* at 9. Appellant asserts that he acted diligently "within a couple months of his reduced life sentence" as there was no point to acting earlier, and although "[h]e did nothing wrong in regard to his time served, [the Commonwealth] seeks to rob him of years of time behind bars." *Id.*

The Commonwealth emphasizes the threshold issue of jurisdiction, as Appellant's time credit request, per the Commonwealth's argument, a) must be construed as a PCRA petition, and b) is therefore grossly untimely, and

---

[2] *See also* 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner establishes one of the three time-bar exceptions; Section 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

cannot be considered regardless of the merits of Appellant's argument as to time served.  Commonwealth's Brief at 5.

The PCRA court concluded that the time bar precludes consideration of Appellant's time credit plea.  Order, 2/18/20, at 1-2.  "The reduction of [Appellant's] federal sentence does not constitute newly discovered evidence excepting [Appellant's] claim for relief from the timeliness requirements of the PCRA because his claim that his state sentence is illegal is not predicated upon the reduction of his federal sentence, and his claim could have been raised immediately following his sentence upon review of the state sentencing orders."  *Id.* at 2.  Therefore, the PCRA court found no basis to exercise jurisdiction.  *Id.*

We acknowledge that there is a policy consideration at play here; the stricter in application the time bar, the more pressure petitioners may feel to pepper the courts with filings, so as to avoid dreaded waiver.  Thus, a court might favor an application of the "new facts" prong of Section 9545(b)(1) that would encompass Appellant's change of fortunes in the federal courts.  However, this is an intermediate appellate court, and such considerations are not properly within our sphere.

The PCRA contains three exceptions to the time bar.  42 Pa.C.S. § 9545(b)(1)(i) establishes that governmental interference with the presentation of the claim, if acted upon timely, provides an exception.  Likewise, Section 9545(b)(1)(ii) states that facts unknown to the petitioner, where acted upon timely and not previously ascertainable through due

diligence will allow a facially untimely claim arising from those facts to proceed. Finally, Section 9545(b)(1)(iii) provides that in the (rare) instance where a newly-recognized constitutional right, held to apply retroactively by the Supreme Court of the United States or of Pennsylvania, will provide an exception (again, if acted upon timely). Appellant has cited no authority establishing the applicability of any of these exceptions to his situation. Plainly, the "new constitutional right" exception would not apply. There is no reason to believe that government interference has delayed the claim. Appellant's change of luck in federal court is not a new fact for PCRA purposes (as, for instance, a DNA-based exoneration would be). Therefore we must conclude that the PCRA is not the right vehicle for the present claim.

We concur with the PCRA court, which concluded that it had no jurisdiction under the PCRA to award the requested time credit. *See* Order, 2/18/20, at 1-3. Appellant's conviction has long been final. *See* 42 Pa.C.S. § 9545(b)(3). Therefore, he must meet one of the time-bar exceptions outlined at 42 Pa.C.S. § 9545(b)(1) if our courts are to grant relief under the PCRA. This he has not done; we cannot fault the PCRA court's conclusion that Appellant has not properly pled and proved an exception to the time bar. *See* Order, 2/18/20, at 3 ("[T]his [c]ourt does not have jurisdiction to grant collateral relief . . . [i]f [Appellant] is entitled to any legal recourse, such recourse lies elsewhere."). The trial court's failure to address time credit may have seemed meaningless at the time immediately after sentence was imposed, in light of the federal sentence, but it was not hidden or obscured in

any way. Appellant's revised federal sentence changes the import of that failure, but it does not change the fact that it was apparent years earlier that Appellant's judgment of sentence did not address time credit.

We note that our denial of relief is without prejudice to Appellant's ability to seek redress in the Commonwealth Court. It seems that he is arguing that, properly interpreted in light of the applicable statute on time credit, his sentencing order should be read to permit credit for time served prior to sentencing. That claim seems to sound in the Commonwealth Court's original jurisdiction over complaints against agencies of Pennsylvania. *See, e.g., Wilson v. Com., Pennsylvania Bureau of Corr.*, 492 A.2d 70, 71 (Pa. Cmwlth. 1985) (Commonwealth Court properly exercises jurisdiction over claim that Bureau of Corrections improperly aggregated his sentences); *Commonwealth v. Heredia*, 97 A.3d 392 (Pa. Super. 2014) (challenge to DOC's application of sentencing order not cognizable as PCRA); *Commonwealth v. Perry*, 563 A.2d 511, 512–13 (Pa. Super. 1989) ("If the alleged error is thought to be the result of an erroneous computation of sentence . . . then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation . . . . [i]f, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed."); *McCray v. Pennsylvania Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005) (reviewing Commonwealth Court's resolution of

time credit claim under 42 Pa.C.S. § 9760; "We begin by examining the appropriate method by which to seek relief when there is a question as to the correct application of credit for time served."). Appellant claims he is asserting a statutory right to credit under Section 9760, as in **McCray**; thus, the same procedural pathway should be available to him, and the *habeas* pathway outlined in **Perry** may also be available.[3]

Five years of a person's life is no negligible thing. Without regard to any particular outcome, we are confident that Appellant will have his day in court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/16/2021

---

[3] It seems plausible, at a minimum, that because Appellant's sentencing took place in the shadow of his concurrent federal life sentence, the sentencing court did not think to address time served one way or another, thus creating an ambiguity that has now become relevant due to Appellant's federal resentencing.